212

Mason, Appellee, *v.* Waters, Appellant.

(No. 39872—Decided June 1, 1966.)

*Messrs. Patrick, Patrick & Lehigh* and *Mr. Daniel T. Lehigh*, for appellee.

*Messrs. Pomerene, Burns, Milligan & Frase* and *Mr. Eugene R. Weir*, for appellant.

O'Neill, J. The question before the court is whether the action brought by plaintiff was commenced, or attempted to be commenced, under Sections 2305.17 and 2305.19, Revised Code, within the two-year time limit for the commencement of actions for bodily injury under Section 2305.10, Revised Code.

Section 2305.17, Revised Code, at all times pertinent to this action, provided as follows:

"An action is commenced * * * as to each defendant, at the date of the summons which is served on him * * *.

"Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, *if such attempt is followed by service within 60 days.*" (Emphasis added.)

Section 2305.19, Revised Code, provides as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

It is the contention of plaintiff that the latter statute is applicable to the instant case, and that he has one year, from the date of the ruling on the motion to quash, to commence a new action. It is the contention of defendant that the former statute is applicable, and that, since effective service of summons was not procured within 60 days after the attempt to commence the action, it is barred by the two-year statute of limitations.

The trial court, on the evidence before it, found that defendant was a resident of Morgan County, and that resident service upon him by the sheriff of Washington County was without effect, since the sheriff was outside his jurisdiction.

Section 4515.01, Revised Code, provides:

"Actions for injury to a person or property, caused by the negligence of the owner or operator of a motor vehicle, may be brought by the person injured against such owner or operator in the county in which such injury occurred. A summons in such action against any defendant shall be issued *to the sheriff of any county within this state in which such defendant resides* and may be served as in other civil actions." (Emphasis added.)

It is clear from this section that the summons is to be issued to the sheriff of the county in which defendant resides. See *Meeker* v. *Werner*, 89 Ohio App. 520. If plaintiff felt that the ruling of the trial court was erroneous, he could have proceeded to appeal. He accepted the ruling, however, and issued an alias summons to the sheriff of Morgan County which was served on defendant on September 26, 1963. Upon the state of the record, this court can not say that the ruling of the trial court is unsupported by sufficient evidence. The trial court asked for evidence of a more concrete nature, but it was not presented. Plaintiff ought not now complain of error in the ruling of the trial court on the motion to quash.

Section 2305.17, *supra*, provides that an action shall be deemed commenced at the date of the summons *which is served on defendant*. This contemplates an effective service of summons, which, in this case, was not obtained until September 26, 1963. Since there was no effective service prior to that date, no action was commenced, nor was there an attempt to commence an action equivalent to its commencement within the meaning of Section 2305.17, *supra*. *Kossuth* v. *Bear*, 161 Ohio St. 378.*

---

*This case is unlike the case of *Robinson* v. *Commercial Motor Freight, Inc.*, 174 Ohio St. 498. In that case the petition and precipe were filed prior to the running of the statute of limitations, but summons was *issued* after the statute of limitations had run. Personal jurisdiction of defendant was obtained on the original service, and the question was whether the action had been commenced in time.

In the instant case, the petition and precipe were filed prior to the expiration of the period of limitation, and summons was timely issued, but proper service of summons was not obtained. The question was whether the action had been commenced at all, since the court had no personal jurisdiction of the defendant.

Plaintiff's action, not having been brought within the period limited for the commencement of actions for bodily injuries, plus the 60-day period provided for by Section 2305.17, *supra,* must fail unless the granting of the motion to quash be considered a failure "otherwise than on the merits" under Section 2305.19, *supra.*

From a reading of that statute it appears that in order for an action to fail otherwise than on the merits, that action must first be commenced or attempted to be commenced. This action was not commenced or attempted to be commenced within the meaning of Section 2305.19, *supra.*

In the words of Middleton, J., speaking for the court in *Kossuth* v. *Bear, supra*:

"It seems axiomatic that a nonexistent case cannot be dismissed. In the present instance, for lack of service, no case came into existence in Lorain County. Therefore, as to the petition filed in Lorain County we hold that the plaintiff did not fail 'otherwise than upon the merits.' The plaintiff simply never had a pending case in Lorain County."

This position was reaffirmed by the court in *Hoehn* v. *Empire Steel Co.,* 172 Ohio St. 285.

The court in *Wasyk* v. *Trent,* 174 Ohio St. 525, made clear the distinction between failure otherwise than upon the merits and a failure to commence an action within the time limited for the commencement of such actions. Matthias, J., speaking for the majority in *Wasyk,* stated, at page 528, with reference to *Kossuth* and *Hoehn*:

"In both those cases, there was no jurisdiction due to lack of service of summons on the defendants. Consequently those cases are distinguishable, as here defendant not only received notice of the commencement of the action but entered his appearance by counsel and filed a motion to dismiss, not on ground of lack of service, but on the ground of lack of diversity of citizenship. * * *"

---

There is a definite difference between a summons not timely issued but properly served and a summons timely issued but not properly served. See note, 25 Ohio St. L. J. 407, 411. In the first instance, under *Robinson, supra,* the action is commenced. In the latter, under *Kossuth* v. *Bear, supra,* and *Wasyk* v. *Trent, supra,* it is not commenced.

On page 529, a portion of *Hoehn, supra,* which is not here relevant, was overruled. It was then stated:

"* * * It would have been sufficient in that case to rest the correct decision there rendered on the failure of the court in the first action to acquire any jurisdiction over the defendant's person, a failure which prevented commencement of that action against that defendant."

It is clear that the demarcation point is that of obtaining jurisdiction over the person of defendant. Unless the court has acquired such jurisdiction and the action has been commenced as to defendant, there can not be a failure otherwise than on the merits, and the one-year savings provision of Section 2305.19, *supra,* is inapplicable.

Plaintiff contends that he was entitled to a final determination of the motion to quash on its merits before the issuance of an alias summons. The requirements of Section 2305.17, *supra,* which are applicable to this case, are absolute. It is unfortunate that the application of this statute acts to work a hardship on plaintiff, but jurisdiction of defendant's person was not obtained and the action was not commenced within time. There is no way by which this court may extend the time limit imposed by statute for the commencement of actions. The statute of limitations constitutes a bar to the bringing of this action, and the judgment of the Court of Appeals is, therefore, reversed, and final judgment is rendered for defendant.

*Judgment reversed.*

Taft, C. J., Zimmerman, Matthias, Herbert, Schneider and Brown, JJ., concur.