LASH, APPELLEE, *v.* MILLER ET AL.; ASTLEY, APPELLANT.

(No. 76-1027—Decided May 4, 1977.)

Messrs. *Bradley & Farris* and *Mr. Philip R. Bradley,* for appellee.

Messrs. *Sebastian, Marsh & Redmond* and *Mr. Arthur M. Sebastian,* for appellant.

*Per Curiam.* The judgment of the Court of Appeals is reversed.

Civ. R. 3(A) provides that "[a] civil action *is commenced* by filing a complaint with the court, if service is obtained within one year from such filing." (Emphasis added.)

The first paragraph of the syllabus in *Mason* v. *Waters* (1966), 6 Ohio St. 2d 212, reads:

"Within the meaning of Section 2305.17, Revised Code [similar to Civ. R. 3(A)], as it read prior to amendment effective October 30, 1965, the filing of a petition and precipe for the issuance of summons does not constitute the commencement of an action or an attempt to commence an action equivalent to its commencement, *where there has been no effective service of summons upon defendant within the time limit prescribed by that statute.*" (Emphasis added.)

This court stated further, at page 215, that:

"Section 2305.17, *supra,* provides that an action shall be deemed commenced at the date of the summons *which is served on defendant.* This contemplates an effective service of summons, which, in this case, was not obtained until September 26, 1963. Since there was no effective service prior to that date, no action was commenced, nor was there an attempt to commence an action equivalent to its commencement within the meaning of Section 2305.17, *supra. Kossuth* v. *Bear,* 161 Ohio St. 378." (Footnote omitted.)

The Court of Common Pleas was correct. The action

herein was never commenced as to defendant Astley. Effective service of summons on the defendant is a necessary prerequisite to the commencement of a civil action. Civ. R. 3(A).

Accordingly, the judgment of the Court of Appeals is reversed and the judgment of the trial court in favor of Astley is reinstated.

*Judgment reversed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.