COX, APPELLANT, *v.* OHIO PAROLE COMMISSION, APPELLEE.

(No. 86AP-554 — Decided November 13, 1986.)

*Robert E. Owens,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Mark T. D'Alessandro,* for appellee.

REILLY, J. Plaintiff, Joseph Cox, filed a complaint on February 10, 1986 with the Court of Claims of Ohio naming as defendant the Ohio Parole Commis-

sion ("commission"). Plaintiff alleged that he was attacked with a knife during a robbery by Donald Buck, who had been paroled by the commission. Previously, on December 9, 1985, plaintiff filed a complaint in the Court of Claims and named Donald Buck and the members of the commission as defendants.

The Court of Claims, in its pre-screening entry, dismissed plaintiff's initial complaint, pursuant to LCCR 15(B) and R.C. 2743.02(E), because only state agencies and instrumentalities of the state can be named as defendants in original actions in the Court of Claims. Thus, the court held that the named defendants were not proper parties. Since the commission was not named as a defendant, the Court of Claims dismissed the complaint on January 23, 1986. Shortly thereafter, on February 10, 1986, plaintiff refiled a complaint in the present action naming the commission as a defendant. This cause was dismissed on May 28, 1986 by the Court of Claims for exceeding the two-year statute of limitations as set forth in R.C. 2743.16.

Plaintiff claims that his cause of action was tolled by R.C. 2305.16. However, none of the reasons upon which plaintiff claims that the two-year statute of limitations was tolled are considered disabilities within R.C. 2305.16. Hence, the two-year statute of limitations to bring a civil action against the state was not tolled. Therefore, plaintiff's complaint filed against the commission on February 10, 1986 exceeded the two-year statute of limitations under R.C. 2743.16, which commenced on January 23, 1984.

Plaintiff also contends that his cause of action against the commission is stayed pursuant to R.C. 2305.19, since the complaint was filed within one year from the date that the former action was dismissed on January 23, 1986. Thus, the issue is whether the savings statute, R.C. 2305.19, applies in this case.

R.C. 2305.19 states, in pertinent part, that:

"In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date.* * *"

R.C. 2305.19 is applicable to suits against the state brought in the Court of Claims. See *Reese* v. *Ohio State Univ. Hosp.* (1983), 6 Ohio St. 3d 162, 6 OBR 221, 451 N.E. 2d 1196.

In *Reese,* the court wrote as follows:

"This statute, the savings statute, is not a statute of limitations. Neither is R.C. 2305.19 a tolling statute extending the period of a statute of limitations. R.C. 2305.19 can have no application unless an action was timely commenced, was dismissed without prejudice, and the applicable statute of limitations had expired by the time of such dismissal. * * *" *Id.* at 163, 6 OBR at 222, 451 N.E. 2d at 1198.

Moreover, the savings statute is remedial in nature and is to be given a liberal construction. See *Cero Realty Corp.* v. *American Mfrs. Mut. Ins. Co.* (1960), 171 Ohio St. 82, 12 O.O. 2d 92, 167 N.E. 2d 774. See, also, *Chadwick* v. *Barba Lou, Inc.* (1982), 69 Ohio St. 2d 222, 23 O.O. 3d 232, 431 N.E. 2d 660.

The commission states that the savings statute does not apply because the parties in the former action and present action are not the same. See *Children's Hospital* v. *Dept. of Public Welfare* (1982), 69 Ohio St. 2d 523, 23 O.O. 3d 452, 433 N.E. 2d 187. This case, however, is distinguishable from the *Children's Hospital* case. Here, plaintiff filed both actions in the Court of Claims, while in *Children's Hospital* the first case was brought in federal court, but the second case was filed in the Court of Claims. There is also no indication that plaintiff sought any relief other than for

money damages in both cases. In contrast, the plaintiff in *Children's Hospital* sought injunctive and declaratory relief in the federal court action, while in the second case, plaintiff sought money damages against a state agency in the Court of Claims.

Thus, the savings statute is applicable in this case. Although the commission was not named as a defendant in the first case, it is apparent that an action was "attempted to be commenced" against the commission under R.C. 2305.19. The former action failed otherwise than on the merits and the two-year statute of limitations expired on the date that it was dismissed. Nevertheless, because the savings statute applies herein, plaintiff had one year from the dismissal of the former action on January 23, 1986 to bring the present action against the commission. Plaintiff filed his complaint on February 10, 1986 which is within the one-year time requirement of R.C. 2305.19.

For the foregoing reasons, the case is reversed and remanded to the Court of Claims for further proceedings consistent with this decision.

*Judgment reversed
and case remanded.*

STRAUSBAUGH AND MCCORMAC, JJ., concur.