BRANSCOM, APPELLANT, *v.*
BIRTCHER, APPELLEE.

(No. 88AP-303—Decided
September 22, 1988.)

*Terry D. Van Horn,* for appellant.
*Robert E. Frost & Associates* and
*Mark S. Maddox,* for appellee.

STRAUSBAUGH, J. This is an appeal by plaintiff from a judgment of the court of common pleas dismissing her negligence action. The trial court determined that plaintiff could not refile her complaint because of the bar imposed by the applicable statute of limitations.

As a result of an August 19, 1984 automobile accident, plaintiff Linda L. Branscom initiated a suit in negligence against defendant Duane E. Birtcher on August 19, 1986. When plaintiff was unable to obtain certified mail service on defendant, plaintiff appointed a special process server on August 5, 1987 in an attempt to locate and serve defendant. Additionally, plaintiff requested certified mail service on defendant in care of the Atlanta Casualty Insurance Company at their business address in Norcross, Georgia, also on August 5, 1987. This service was signed for at the address of Atlanta Casualty Insurance Company on August 12, 1987.

Subsequently, on October 13, 1987, defendant filed a motion to dismiss the action because of insufficient service of process. Before that motion could be ruled upon by the trial court, plaintiff voluntarily dismissed the action pursuant to Civ. R. 41(A)(1). Plaintiff then refiled the complaint on

November 4, 1987, obtaining certified mail service on defendant on January 4, 1988. Thereafter, on January 22, 1988, defendant moved the trial court to dismiss plaintiff's complaint pursuant to R.C. 2305.10. Following plaintiff's response to defendant's Civ. R. 12(B) motion to dismiss, the trial court rendered a decision on February 29, 1988, dismissing plaintiff's complaint. Thereafter, upon plaintiff's motion to reconsider, the common pleas court entered final judgment on March 10, 1988, dismissing plaintiff's complaint for the reason that plaintiff failed to timely obtain service on defendant in the initial negligence suit.

From that decision, plaintiff now appeals, setting forth a single assignment of error:

"The Court committed prejudicial error when it did not properly apply Ohio Revised Code § 2305.19, the saving[s] statute, to the refiling of the Plaintiff's complaint."

Plaintiff maintains that the judgment of the trial court was erroneous for two reasons. First, plaintiff argues that she was able to voluntarily dismiss her case pursuant to Civ. R. 41(A)(1)(a) any time after it was filed so long as she complied with the Civil Rules. Second, it is plaintiff's position that the savings statute applies to this matter since the original action was either commenced or attempted to be commenced within the meaning of R.C. 2305.19.

As support for her initial contention, plaintiff relies on *Frysinger* v. *Leech* (1987), 32 Ohio St. 3d 38, 512 N.E. 2d 337. Plaintiff maintains that there is no requirement in Civ. R. 41(A)(1) that a defendant be served before a stipulated dismissal is entered. Accordingly, plaintiff argues that a party may dismiss an action pursuant to Civ. R. 41(A)(1) anytime after it is filed, and thereafter refile the case under the savings statute.

We find that plaintiff misap-prehends the issue resolved by the Supreme Court of Ohio in *Frysinger, supra*. In that case, the court was concerned with the interaction of Civ. R. 41(A)(1) and the savings statute set forth in R.C. 2305.19. That section states, in part:

"In an action commenced, or attempted to be commenced, if in due time * * * the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * *"

Specifically, the Supreme Court decided that a voluntary dismissal under Civ. R. 41(A)(1) constituted a failure "otherwise than upon the merits" such that a plaintiff who had timely filed suit could recommence the action within one year of the dismissal. *Id.* at paragraph two of the syllabus.

Clearly, parties seeking refuge under R.C. 2305.19 must meet two requirements. The first one of these is either the commencement or the attempted commencement of the action before the expiration of the statutory limitations period for such actions. The second is a failure otherwise than upon the merits. See *DiCello* v. *Palmer* (Feb. 12, 1980), Franklin App. No. 79AP-402, unreported, at 3. The *Frysinger* court addressed only the second requirement, since Frysinger had clearly commenced her action within the statutory period. *Id.* at 39, 512 N.E. 2d at 339. The Supreme Court did not find that Civ. R. 41(A)(1) expanded the limitations period beyond that established by either the Civil Rules or statute, and we decline to so hold. Accordingly, plaintiff's reliance on *Frysinger, supra*, is misplaced.

Turning to plaintiff's second contention, a more vexatious problem arises. Specifically, plaintiff maintains that service was completed on defendant when the certified mail receipt

was signed by Atlanta Casualty Insurance Company on August 12, 1987. Alternatively, plaintiff argues that the action was attempted to be commenced within the meaning of the savings statute since her complaint was filed in good faith followed by service within one year of the filing, which service, although later determined to be ineffective, constituted an attempt to commence the action within the meaning of R.C. 2305.19 and *Howard* v. *Allen* (1971), 28 Ohio App. 2d 275, 57 O.O. 2d 415, 277 N.E. 2d 239.

In either event, an action is commenced or attempted to be commenced only if effective service of process is obtained upon a defendant. *Lash* v. *Miller* (1977), 50 Ohio St. 2d 63, 64-65, 4 O.O. 3d 155, 156, 362 N.E. 2d 642, 643. Effective service contemplates more than actual service of process, but includes certified mail service signed by any person. Civ. R. 4.1(1). See *Castellano* v. *Kosydar* (1975), 42 Ohio St. 2d 107, 109-110, 71 O.O. 2d 77, 78, 326 N.E. 2d 686, 688. Certified mail service, however, must be constitutionally sound. Service is constitutionally sound so long as it is "reasonably calculated" to reach the intended recipient. *Regional Airport Authority* v. *Swinehart* (1980), 62 Ohio St. 2d 403, 16 O.O. 3d 436, 406 N.E. 2d 811; cf. *Fancher* v. *Fancher* (1982), 8 Ohio App. 3d 79, 8 OBR 111, 455 N.E. 2d 1344; and, see, *Mitchell* v. *Mitchell* (1980), 64 Ohio St. 2d 49, 18 O.O. 3d 254, 413 N.E. 2d 1182.

Essentially, it is plaintiff's position that defendant was effectively served, within the contemplation of the Civil Rules, when defendant's insurer, Atlanta Casualty Insurance Company, signed the certified mail receipt on August 12, 1987. We disagree.

It is undisputed that service, although nominally addressed to defendant, was sent to his insurance company. The Civil Rules do not specifically delimit the scope of certified mail service. Although it cannot be said that under *no* circumstances would service on an insurance company constitute service on a defendant, the court finds that in this case service on defendant's insurance bond carrier was not effective service on defendant. Clearly, the address of Atlanta Casualty Insurance Company is not defendant's residence or business address. Defendant had no office on the premises of his insurer. Apparently, the only relationship between defendant and Atlanta Casualty was the contract of insurance. As such, plaintiff failed to obtain effective service upon defendant.[1]

Since defendant was not effectively served within one year of the filing of the initial suit, the action was neither commenced nor attempted to be commenced for purposes of R.C. 2305.19. Cf. *DiCello, supra.* The trial court, therefore, properly dismissed plaintiff's second action as barred by the limitations period set forth in R.C. 2305.10.

Based on the foregoing, plaintiff's sole assignment of error is overruled. The judgment of the common pleas court is affirmed.

*Judgment affirmed.*

YOUNG and GREY, JJ., concur.

---

[1] Plaintiff's reliance on *Cox* v. *Ohio Parole Comm.* (1986), 31 Ohio App. 3d 216, 31 OBR 486, 509 N.E. 2d 1276, is likewise misplaced. That case dealt with the application of R.C. 2305.19 to a suit which was timely filed, but named the wrong defendant as a party. Whether the parties to that suit were effectively served was not addressed by this court in *Cox.* Compare Civ. R. 4.2(10) and Civ. R. 3(A).

Lawrence Grey, J., of the Fourth Appellate District, sitting by assignment.