### Davis v. Fox
*[Cite as 8 AOA 484]*

Case No. 89AP-1402
Franklin County, (10th)
Decided December 6, 1990

*Keith M. Karr, for Appellant.*

*John P. Mazza, Roetzel & Andress, for Appellee Doug L. Fox.*

REILLY, P.J.

Plaintiff appeals from the judgment of the Franklin County Court of Common Pleas dismissing her cause of action against defendant, Doug L. Fox.

Plaintiff's complaint alleges that, on December 5, 1984, her car was struck from behind by a vehicle negligently operated by defendant. She also alleges that ten minutes later she was again struck from behind, this time by a vehicle negligently operated by Robert James Quiroz.

Plaintiff filed a complaint against Fox and Quiroz. Although timely filed within the statute of limitations, this complaint was later dismissed on December 3, 1987 by the court at plaintiff's request, pursuant to Civ. R. 41(A)(2). There is nothing in the record establishing that any person was served with process under this first complaint.

Less than one year later, plaintiff filed a second complaint stating the same cause of action against the same defendants as the first complaint. Within one year thereafter, service by certified mail was obtained on Fox. Service was never obtained on Quiroz, as the process was returned with the notation "unable to forward." In response to plaintiff's complaint, defendant Fox filed a motion to dismiss or in the alternative a motion for summary judgment on the grounds that the cause of action was barred by the statute of limitations.

Plaintiff filed a memorandum contra which raised issues under the savings statute, equitable estoppel and concealment. Both parties also offered affidavits. The trial court rendered two decisions: one granting the motion to dismiss on the grounds that the complaint was time barred and the savings statute inapplicable; and the other granting defendant's motion for summary judgment on concealment and estoppel.

Plaintiff appeals asserting the following assignments of error:

"I. The trial court prejudicially erred in dismissing appellant's action as barred by the statute of limitations where the appellee is estopped from asserting the statute of limitations as a defense.

"II. The trial court committed prejudicial error in dismissing appellant's civil action where appellant properly commenced her action within the statutory time period set forth in R.C. 2305.19.

"III. The trial court prejudicially erred in imposing a notice requirement under R.C. 2305.19, where the parties and the relief sought in the new action are the same as in the original action dismissed otherwise than on the merits.

"IV. The trial court prejudicially erred in dismissing appellant's action and granting summary judgment on the issue of concealment where appellant had presented a genuine issue of material facts."

The second and third assignments of error are interrelated and are considered together. The statute of limitations applicable to plaintiff's claim, R.C. 2305.10, bars any action brought more than two years after the cause of action accrued. Service of process was made on defendant within one year after the filing of the second complaint. Plaintiff's action was filed almost four years after the accident which is the basis of the claim. Plaintiff contends that, under the savings statute, R.C. 2305.19, the second complaint relates back to the first complaint which was timely filed within the statute of limitations.

R.C. 2305.19 states, in pertinent part, as follows:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of reversal or failure has expired, the plaintiff *** may commence a new action within one year after such date. ***"

Parties seeking to apply the savings statute must meet two requirements. First, the initial action must be commenced or attempted to be commenced before the applicable statute of limitations has expired; and second, the action must fail otherwise than upon the merits at a time after the statute of limitations has run. *Reese v. Ohio State Univ. Hosp.* (1983), 6 Ohio St. 3d 162, 163; *Branscom v. Birtcher* (Sept. 22, 1988), Franklin App. No. 88AP-303, unreported (1988 Opinions 3453, 3455). When both of these requirements are met, plaintiff is allowed one year to commence a new action which will relate back to the date upon which the first action was filed for purposes of the statute of limitations.

As to the second requirement, a failure otherwise than upon the merits, it is clear

that a voluntary dismissal entered by the court, pursuant to Civ. R. 41(A)(2), qualifies as a failure otherwise than upon the merits for purposes of the savings statute. *Chadwick v. Barba Lou, Inc.* (1982), 69 Ohio St. 2d 222.

The first requirement of the savings statute is more complex. It requires that the first action be "commenced or attempted to be commenced." No case exists until it is commenced and it is axiomatic that a non-existent case cannot be dismissed. *Kossuth v. Bear* (1954), 161 Ohio St. 378, 384. Under the Ohio Civil Rules, "a civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant." Civ. R. 3(A). Manifestly, no action can be commenced prior to the date the complaint is filed. Similarly, if one year has passed after the filing of the complaint and no service has been made, it is definite that a case was not commenced and that none ever existed. *Kossuth, supra; Lash v. Miller* (1977), 50 Ohio St. 2d 63. In such a case, the only proper action a court may take is to strike the complaint from the files. *Kossuth, supra; Saunders v. Choi* (May 5, 1983), Cuyahoga App. No. 45101, unreported; affirmed (1984), 12 Ohio St. 3d 247.

As the voluntary dismissal, pursuant to Civ. R. 41(A)(2), was entered before the one-year period for obtaining service under Civ. R. 3(A) expired, but also before plaintiff made service on any defendant, this case presents an issue not previously addressed in Ohio. Compare *Lash, supra* (defendant served more than two years after complaint filed) and *Chadwick, supra* (defendant served before plaintiff dismissed case). To resolve this issue, the court must determine the status of an action between the time a complaint is filed and the time service is made or the one year period for making service expires.

It is apparent that an action must commence at a time no later than six months after the complaint is filed. This conclusion follows directly from the language of Civ. R. 4(E). That rule provides that "[i]f a service of the summons and complaint is not made upon a defendant within six months after the filing of the complaint and the party on whose behalf such service was required cannot show good cause why such service was not made within that period, the action shall be dismissed as to that defendant without prejudice ***." Adopted only recently in 1984, Civ. R.

4(E) explicitly recognizes that an action may be dismissed without prejudice although no service has been made. Since an action must be commenced before it can be dismissed, it is plain that Civ. R. 4(E) contemplates that an action may be commenced before service is made on a defendant.

Further, were the action herein not an action commenced, the court would be unable to enter a dismissal pursuant to Civ. R. 41, or any other order. Moreover, the court did not strike the complaint from the files as in *Kossuth,* because the one-year period for making service had not yet expired and, consequently, there was no failure of commencement. If this action had not yet commenced on the day the dismissal was granted, then the court would have no, power to enter a dismissal. This would be inconsistent with Civ. R. 4(E), which provides that the court may dismiss an action even though no service had been made.

Nevertheless, case law under the savings statute, R.C. 2305.19, indicates that an action is not commenced for purposes of this statute until effective service is made on the defendant. In *Mason v. Waters* (1966), 6 Ohio St. 2d 212, paragraph one of the syllabus, the court held:

"Within the meaning of Section 2305.17, Revised Code, as it read prior to amendment effective October 30, 1965, the filing of a petition and precipe for the issuance of summons does not constitute the commencement of an action or an attempt to commence an action equivalent to its commencement, where there has been no effective service of summons upon defendant within the time limit prescribed by that statute."

While *Mason* was decided before the adoption of the civil rules, the court again considered the issue in *Lash, supra.* In that case the court quoted and reaffirmed the *Mason* syllabus. This court has previously held in a case involving the savings statute that an action is only commenced when effective service of process is obtained upon a defendant. *Branscom, supra.*

While commencement is defined generally in Civ. R. 3(A), it is also defined in R.C. 2305.17 specifically for purposes of the sections on limitations of actions. Civ. R. 3(A) provides that a "*** civil action is commenced by filing a complaint with the court, if service is obtained within one year ***."

Nonetheless, upon filing the complaint, the action is commenced, provided that plaintiff fulfills the condition, service of process, within one year thereafter.

Once the complaint is filed, "[i]t is tentatively considered a valid commencement subject to being voided if within one year service has not been had." *Weaver v. Donnerberg* (1985), 26 Ohio App. 3d 112, 116; see, also, *Yancey v. Pyles* (1975), 44 Ohio App. 2d 410. Thus, a cause was commenced upon the filing of the complaint, and such a cause could be dismissed before service and before the one-year period for service expired, pursuant to either Civ. R. 4(E) or 41(A).

R.C. 2305.17 provides, as follows:

"An action is commenced within the meaning of sections 2305.03 to 2305.22, inclusive, and sections 1302.98 and 1304.29 of the Revised Code, by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue or an affidavit for service by publication, if service is obtained within one year."

Although this section includes language substantially equivalent to that contained in Civ. R. 3(A), it need not nec-essarily be construed in the same manner as the civil rule. The word commencement may have two different meanings depending on the context within which it is used. This was the case before the adoption of the civil rules. At that time, R.C. 2703.01 provided that an action was commenced upon the mere filing of a proper petition (complaint). *Robinson v. Commercial Motor Freight, Inc.* (1963), 174 Ohio St. 498. As of 1965, however, R.C. 2305.17 was amended to its current form and defined commencement differently for purposes of the sections on limitations of actions. This dual use of the term commencement was recognized in a number of cases. *Rorick v. Devon Syndicate, Ltd.* (1939), 307 U.S. 299; *Crandall v. Irwin* (1942), 139 Ohio St. 463. Considering this distinction, the Supreme Court held that the savings statute must be read in conjunction with R.C. 2305.17. *LaBarbera v. Batsch* (1967), 10 Ohio St. 2d 106, 111.

The two sections defining commencement have different purposes. Civ. R. 3(A) reflects a rationale "that court dockets should be cleared if service has not been attained within the reasonable time of one year." *Maryhew v. Yova* (1984), 11 Ohio St. 3d 154, 157. Statutes of limitations, on the other hand, are designed to assure an end to litigation and to establish a state of stability and repose. *LaBarbera, supra,* at 114. Service of process under Civ. R. 3(A) is an objective test which assures that an action is being prosecuted with due diligence.

Service of process for purposes of the statute of limitations is closely related to placing defendants on notice that the statute of limitations has been tolled and that they are now subject to suit. The purpose of the statute of limitations would not be served if the statute could be tolled for a substantial period without any notice to the defendant. If this court, for example, found that the first action was commenced or attempted to be commenced, the two-year statute of limitations could be effectively lengthened to five years by dismissing the first action within one year of filing and subsequently refiling the action pursuant to the savings statute. Thus, for purposes of the savings statute, a case is not commenced until effective service of process is obtained upon a defendant.

The savings statute also provides that an action may be "attempted to be commenced," but the meaning of this term is no more clear than the meaning of commencement. Although no longer defined in the Revised Code, the term was used in R.C. 2305.17, prior to its amendment in 1965. At that time, an action was only commenced for purposes of the statute of limitations as of the date summons was served on the defendant. The statute also provided that "an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days." The present definition of commencement is now substantially equivalent to the former definition of attempted commencement except that the period in which service must be made has been extended from sixty days to one year.

In any event, this court has held in a recent case that an action may be attempted to be commenced even though the defendant is not actually served with process. *Cox v. Ohio Parole Comm.* (1986), 31 Ohio App. 3d 216. That case is, however, distinguishable from the facts of this case. Attempted commencement must require more than simply filing a complaint to implement the purpose of the statute of limitations. It requires notice to the defendant. Where service, although

technically ineffective, still places defendant on actual notice, the action is attempted to be commenced against that defendant. While this was true in *Cox*, there is no allegation in the present case that defendant was ever aware of the first complaint until he was served by the second complaint.

As plaintiff did not serve defendant under the first complaint or make him aware of the action, the first action was neither commenced nor attempted to be commenced within the meaning of R.C. 2305.17 and the savings statute is inapplicable.

Plaintiff's second and third assignments of error are not well-taken.

The first and fourth assignments of error are based on the same facts. Both concern the trial court's second decision and order; wherein the court granted defendant's motion for summary judgment on the concealment and estoppel issues. In response to defendant's motion, plaintiff raised the issues of equitable estoppel and concealment. Both parties also filed affidavits with the court. Defendant's affidavit stated that, at the time of the accident, he lived on East 13th Avenue in Columbus, that he later moved to his parents' home in Hocking County following the completion of his studies at Ohio State University, that he left a forwarding address with the postal service and his landlord, and that he was unaware of this lawsuit and made no attempt to conceal his whereabouts.

Plaintiff's affidavit states that her car was struck by a man who identified himself as Doug Fox, and that, though she requested it, Fox did not provide his address or produce a driver's license. Plaintiff also offered the affidavit of her attorney, John Bull. Mr. Bull stated that he repeatedly attempted to contact Fox at the telephone number he gave to plaintiff at the scene of the collision, and that Fox never attempted to contact him. Although counsel have presented a number of other contentions in their briefs to this court, it is emphasized that the complaint and the foregoing affidavits were the only relevant evidence properly before the court on these issues.

In the fourth assignment of error, plaintiff relies on R.C. 2305.15, which provides, in part:

"When a cause of action accrues against a person, if he is out of state, or has absconded, or conceals himself, the period of limitation for the commencement of the action as provided in sections 2305.04 to 2305.14, inclusive, and section 1302.98 and 1304.29 of the Revised Code, does not begin to run until he comes into the state or while he is so absconded or concealed. ***".

If defendant concealed himself as alleged, the running of the statute of limitations would be tolled until such time as he was not longer concealed. Assuming defendant was concealed until process was served on him, reliance on the savings statute would be unnecessary as the second complaint would be timely filed within the statute of limitations as tolled under R.C. 2305.15.

In order to establish concealment under R.C. 2305.15, plaintiff must prove that defendant intended to conceal his identity. The omission of information even where there is a duty to disclose does not by itself establish such an intent. Intent to conceal may be inferred from defendant's conduct; for example, where the defendant flees the scene of an accident without stopping or providing any information.

Summary judgment may only be granted when there are no issues of material fact, the moving party is entitled to judgment as a matter of law, and reasonable minds can come to but one conclusion, which conclusion is adverse to the non-moving party. Civ. R. 56(C); *Harless v. Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66. The evidence and the inferences drawn therefrom must be construed most strongly towards the non-moving party. *Id.; Viock v. Stowe-Woodward Co.* (1983), 13 Ohio App. 3d 7, 15.

The affidavits raise several questions of fact. Apparently, defendant gave plaintiff a telephone number, but neither defendant's nor plaintiff's affidavits establish this fact. Further, it is not clear whether defendant actually lived at the residence listed for that number or for how long. Defendant states that he did not attempt to conceal his whereabouts, but such a conclusory statement is subject to bias and interest and does not establish that there are no issues of material fact. *Killilea v. Sears, Roebuck & Co.* (1985), 27 Ohio App. 3d 163. The moving party in a motion for summary judgment bears the burden of showing that there are no issues of material fact. *Mitself v. Wheeler* (1988), 38 Ohio St. 3d 112. As the evidence presented does not establish the essential facts required

for a determination of this issue, defendant does not meet his burden under Civ. R. 56.

Moreover, reasonable minds can come to more than one conclusion based on the evidence presented. Plaintiff alleges and defendant does not deny that he refused to give her his address. While this fact may not be determinative, when the evidence is construed most strongly in plaintiff's favor, combined with the absence of other evidence, reasonable minds could conclude that defendant intended to conceal his identity or whereabouts. Thus, summary judgment based on the evidentiary materials before the court was inappropriate.

Plaintiff's fourth assignment of error is well-taken.

In the first assignment of error, plaintiff maintains that defendant should be estopped from asserting the statute of limitations as a defense. "Equitable estoppel precludes a party from asserting certain facts where the party, by his conduct, has induced another to change his position in good faith reliance upon that conduct. ***" *State, ex rel. Cities service, v. Orteca* (1980), 63 Ohio St. 2d 295, 299. The four elements necessary to establish equitable estoppel are:

"First, there must be something in the nature of a *representation* by words, acts, or silence. *** Second, the representation must communicate some fact or state of affairs in a *misleading* way. Third, the representation must induce actual reliance by the second party, and such reliance must be *reasonable under the circumstances and made in good faith.* Fourth, the relying party would suffer prejudice or pecuniary disadvantage if the party whose representation was relied upon were not estopped or precluded from asserting an otherwise valid right in contradiction to his earlier representation." *First Federal S. & L. Assn. v. Perry's Landing, Inc.* (1983), 11 Ohio App. 3d 135, 145.

Silence may be a representation where there is a duty to speak. *Id.* R.C. 4549.02 requires persons involved in automobile accidents to remain at the scene of an accident until they disclose their names and addresses. Thus, defendant's refusal to provide his address may qualify as a representation, which under the circumstances may have been misleading. There is nothing in the record, however, showing that plaintiff relied on the refusal. As there is no evidence of actual reliance and reasonable minds can only conclude that plaintiff could not in fact rely on defendant's refusal to provide his address, summary judgment was properly entered on this issue.

Plaintiff's first assignment of error is not well-taken. Plaintiff's fourth assignment of error is sustained, and the first, second, and third assignments of error are overruled. The judgment of the trial court is reversed in part and affirmed in part, and the cause is remanded for further proceedings consistent with this opinion and in accordance with law.

*Judgment affirmed in part,*
*reversed in part and*
*cause remanded.*

YOUNG and KERN, J.J., concur.

KERN, J., retired, of the Montgomery County Court of Common Pleas, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.