OPINION
On November 25, 1998, Helen M. and William Shanahorn filed a complaint in the Franklin County Court of Common Pleas against Albert E. Sparks, Jr. The complaint arose out of an April 22, 1995 automobile collision involving Ms. Shanahorn and Mr. Sparks. Ms. Shanahorn asserted a claim for negligence, and Mr. Shanahorn asserted a claim for loss of services and consortium.
Although the November 25, 1998 complaint did not so state, such complaint was actually a refiled case. Ms. Shanahorn had filed a complaint, arising out of the same collision, against Mr. Sparks on January 24, 1997. An initial attempt at service by certified mail was unsuccessful. Ms. Shanahorn attempted service again on February 12, 1998, more than one year after this complaint was filed. Mr. Sparks apparently received the papers. On March 12, 1998, Ms. Shanahorn filed a notice purporting to voluntarily dismiss her lawsuit. A second complaint was filed on November 25, 1998, as noted above.
On May 27, 1999, Mr. Sparks filed a motion to dismiss Ms. Shanahorn's negligence claim, asserting such claim was not filed within the two-year statute of limitations. Mr. Sparks asserted that Ms. Shanahorn had until April 22, 1997 (two years after the collision) to commence her action. He also asserted that since she did not obtain service on him in the first complaint until February 21, 1998, she never commenced the original action and could not avail herself of R.C. 2305.19, the so-called "savings statute."
Ms. Shanahorn filed a memorandum contra, contending she attempted to obtain service on the original complaint as provided in the savings statute, R.C. 2305.19, and therefore she had a year from the date she dismissed such complaint to refile her complaint.
On July 16, 1999, the trial court rendered a decision granting Mr. Sparks's motion to dismiss. The parties settled Mr. Shanahorn's loss of consortium claim, and a final judgment entry was journalized on November 23, 1999.
Ms. Shanahorn (hereinafter "appellant") has appealed to this court, assigning the following error for our consideration:
 The Trial Court committed prejudicial error in granting Defendant's Motion to Dismiss.
Appellant admits she failed to obtain service on Mr. Sparks (hereinafter "appellee") within one year of filing her original complaint. However, appellant maintains the savings statute applies and allowed her to refile the complaint within one year of its dismissal because she attempted to commence the original action prior to expiration of the statute of limitations.
R.C. 2305.19, the "savings statute," states:
 In an action commenced, or attempted to be commenced, * * * if the plaintiff fails otherwise than upon the merits, and the time limited for the commencement of such action at the date of * * * failure has expired, the plaintiff * * * may commence a new action within one year after such date. * * * [Emphasis added.]
We note initially that appellant's purported voluntary dismissal of her first lawsuit was arguably a vain act. She did not commence the action within the one year allocated for service of process, so the lawsuit could never be commenced unless the narrow exception crafted by the Supreme Court of Ohio in Goolsbyv. Anderson Concrete Corp. (1991), 61 Ohio St.3d 549 applies. The syllabus for the Goolsby case reads:
 When service has not been obtained within one year of filing a complaint, and the subsequent refiling of an identical complaint within rule would provide an additional year within which to obtain service and commence an action under Civ.R. 3(A), an instruction to the clerk to attempt service on the complaint will be equivalent to a refiling of the complaint.
The Goolsby case does not assist counsel for appellant. The initial attempt at service was ordered at the time of the filing of the complaint. The next attempt at service happened after the statute of limitations had run. If the lawsuit is deemed to have been refiled on the date the second attempt at service occurred, the statute had already run.
In Stahl v. Mack (Apr. 10, 1997), Franklin App. No. 96APE08-1067, unreported, this court addressed a similar situation to the case at bar. A complaint was filed on April 26, 1995 arising out of an accident that occurred on February 22, 1994. The initial service of summons was returned unclaimed. On July 17, 1995, service was again attempted but failed. On August 18, 1995, the plaintiff submitted instructions for personal service, but this also failed. On October 18, 1995, the plaintiff submitted instructions for ordinary mail service, but this too was unsuccessful.
The defendant did, however, file an answer and asserted various defenses, including insufficiency of service of process. On April 29, 1996, the defendant filed a motion to strike the complaint for failure to commence the action. On May 29, 1996, the plaintiff voluntarily dismissed the complaint. Less than one month later, the plaintiff refiled the action and obtained service on the defendant. The trial court dismissed the second action on the basis the plaintiff failed to commence the first action and that the two-year statute of limitations had expired on the second action.
On appeal, the plaintiff argued that the refiling gave her an additional year to complete service. Id. at 3. This court rejected the plaintiff's argument, concluding the plaintiff failed to obtain service of process and, therefore, did not commence the first action and was not able to utilize the savings statute. Id. at 7. This court distinguished Goolsby, supra, on the basis that in the case before it, unlike in Goolsby, the plaintiff filed the voluntary dismissal and refiled the action after the expiration of the statute of limitations. Id. at 6.
This court cited Branscom v. Birtcher (1988), 55 Ohio App.3d 242,253, wherein this court stated that in order to seek refuge under R.C. 2305.19, a plaintiff must either commence or attempt to commence the action before the statute of limitations expires (and there must have been a failure otherwise than upon the merits). Stahl at 6. Further, this court quoted Branscom at 244, wherein this court stated that an action is commenced or attempted to be commenced only if effective service of process is obtained upon a defendant. Stahl at 6-7. As a result, this court rejected the plaintiff's argument and affirmed the trial court's dismissal of the second action. Id. at 7.
It would appear that our decision in Stahl applies and is contrary to appellant's position herein. However, the case law upon which Stahl relied is no longer good case law as to the matter at hand. As indicated above, Stahl relied upon this court's decision in Branscom that an action is commenced or attempted to be commenced only if effective service of process is obtained upon a defendant. The facts in Branscom are essentially on point with the facts in the case at bar. The plaintiff inBranscom was unable to obtain service within one year of filing the initial complaint, and the plaintiff voluntarily dismissed the action after the statute of limitations had expired. Id. at 242. The plaintiff then refiled the action within one year of such dismissal and obtained service on the defendant. Id. at 243. The trial court granted the defendant's motion to strike on the grounds the second complaint had not been filed within the statute of limitations. Id.
On appeal, the plaintiff contended that the trial court did not properly apply R.C. 2305.19 as the plaintiff had attempted to commence the initial action.[1] In rejecting the plaintiff's argument that she had attempted to commence the initial action, this court cited Lash v. Miller (1977), 50 Ohio St.2d 63,64-65 wherein the Supreme Court stated that an action is commenced or attempted to be commenced only if effective service of process is obtained. Branscom at 244. Because the defendant had not been effectively served within one year of filing the initial complaint, the plaintiff failed to commence or attempt to commence the action for purposes of R.C. 2305.19, and the trial court properly dismissed the second action on statute of limitations grounds. Id.
If one reads Lash, however, it is clear that the basis for the holding therein with regard to the meaning of "attempt to commence" is no longer the law in Ohio. The sole issue in Lash
was whether or not the action had been commenced pursuant to Civ.R. 3(A). The savings statute was not implicated in Lash. The Supreme Court indicated that under Civ.R. 3(A), an action is commenced by filing a complaint and obtaining service within one year therefrom. Id. at 64. The Supreme Court also cited Mason v.Waters (1966), 6 Ohio St.2d 212, paragraph one of the syllabus, wherein the Supreme Court held that within the meaning of R.C.2305.17, as it read prior to its amendment in 1965, the filing of a petition and praecipe for the issuance of summons does not constitute the commencement of or the attempt to commence an action where there has been no effective service of summons upon the defendant within the time prescribed by that statute. Lash at 64.
It is this statement from Lash that was relied upon inBranscom and Stahl. However, Mason was citing to former R.C.2305.17. Former R.C. 2305.17 stated:
 An action is commenced within the meaning of sections 2305.03 to 2305.22 * * * at the date of the summons which is served on him * * *.
 Within the meaning of such sections, an attempt to commence an action is equivalent to its commencement, when the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days. [Emphasis added.]
R.C. 2305.17 now states:
 An action is commenced within the meaning of sections 2305.03 to 2305.22 * * * by filing a petition in the office of the clerk of the proper court together with a praecipe demanding that summons issue * * *, if service is obtained within one year.
Notably absent from the current R.C. 2305.17 is the language relied upon by Mason, which was relied upon Lash,Branscom and Stahl, that an attempt to commence is equivalent to its commencement when a party diligently endeavors to procure service and such attempt is followed by service within sixty days. Hence, there is no longer a definition of "attempted to be commenced" as such is used in R.C. 2305.19. The fact that the legislature amended R.C. 2305.17 to exclude this definition of attempt to commence, coupled with the fact that R.C. 2305.19
includes not only a commencement but also an attempt to commence within its purview, leads this court to conclude that "attempted to be commenced," as such is used in R.C. 2305.19, has a meaning other than commencement itself.
We note that this court is not the only court that has recognized this change in the law. In Schneider v. Steinbrunner
(Nov. 8, 1995), Montgomery App. No. 15257, unreported, the second appellate district addressed a fact pattern similar to the one in the case at bar. In Schneider, a complaint arising out of an automobile accident occurring on May 20, 1991 was filed on May 20, 1993, the last day such complaint could be filed under the statute of limitations. Service of summons was not obtained, and the plaintiffs did not request any further service. Id. at 2. On January 12, 1994, the complaint was dismissed for failure to prosecute. Id. Within one year of such dismissal, the plaintiffs refiled the complaint, and the defendant was properly served. Id. The defendant filed a motion for summary judgment contending the second complaint was not filed within the two-year statute of limitations. The plaintiffs asserted that R.C. 2305.19 allowed them to refile after the initial complaint had been dismissed.Id.
The court of appeals stated that the issue was whether or not the original complaint had been commenced or attempted to be commenced. Id. at 7. The court of appeals noted that R.C.2305.19 permitted a refiling if there was merely an attempt to commence, as opposed to an actual commencement, and that such statute does not impose a due diligence requirement on the attempt to commence alternative. Id. at 7, 9. The court of appeals indicated that earlier cases had construed R.C. 2305.19 to require actual service on a defendant but that such cases had relied uponMason, supra, which was decided on the basis of former R.C.2305.17. Schneider at 9-10. The Schneider court noted, as this court has, that R.C. 2305.17 no longer states that attempt to commence means the equivalent of commencement. Id. at 10.
The court of appeals held that an attempt to commence within the meaning of R.C. 2305.19 requires only that a plaintiff has taken action to effect service on a defendant within the applicable statute of limitations. Id. at 11. Because the plaintiff had requested service by certified mail on the day she filed her original complaint, the plaintiff attempted commencement of the action and, therefore, could refile such complaint pursuant to the savings statute. Id. at 11-12.
We agree with the reasoning of the court of appeals inSchneider. We also note that a recent Supreme Court case supports our conclusion. In Thomas v. Freeman (1997), 79 Ohio St.3d 221, the plaintiff filed a complaint on December 23, 1991.Id. at 222. Service was attempted, but this failed. Id. On July 14, 1992, the case was dismissed for failure to prosecute, and the plaintiff refiled the case pursuant to the savings statute and obtained service on the defendant. Id. at 222-223.
The Supreme Court held that the July 14, 1992 dismissal was a failure otherwise than upon the merits and that because the plaintiff filed the initial complaint and demanded service priorto expiration of the statute of limitations and since the statute of limitations had subsequently expired, the plaintiff had one year from July 14, 1992 to refile the complaint, which the plaintiff did on July 8, 1993. Id. at 227-228.
The Supreme Court in Thomas concluded that the plaintiff therein was permitted to utilize the savings statute even though the plaintiff had not obtained service on the original complaint. The mere fact that the plaintiff had demanded service prior to the expiration of the statute of limitations was sufficient. See, also, Frazier v. Owen (June 12, 1998), Hamilton App. No. C-970487, unreported at 4-8. Given the conclusion in Thomas and our analysis as set forth above, Branscom and Stahl are no longer viable as to their definition of what constitutes an attempt to commence an action. To this extent, therefore, Branscom and Stahl
are overruled.
In the case at bar, appellant filed her complaint on January 24, 1997. She immediately requested service, but such service failed. Both appellant's original complaint and request for service of summons were submitted prior to expiration of the statute of limitations. Therefore, appellant was permitted to refile her action within one year of the failure of her first lawsuit other than on the merits.
The key remaining issue then becomes what is the date the first lawsuit failed other than on the merits. We determine the date of the failure to be the date one year after the first lawsuit was filed, following which the lawsuit could no longer be commenced. Thus, R.C. 2305.19 allowed one year from the date the trial court should have dismissed the first lawsuit, or two years from the date of the initial filing. Counsel for appellant did in fact refile the lawsuit during that time frame.
Given all of the above, appellant properly refiled her complaint pursuant to R.C. 2305.19. Therefore, the trial court erred in dismissing such refiled complaint. Accordingly, appellant's assignment of error is sustained.
Having sustained appellant's sole assignment of error, the judgment of the Franklin County Court of Common Pleas is reversed, and this cause is remanded to such court to conduct further appropriate proceedings.
 __________________ TYACK, J.
BROWN, J., concurs separately, PETREE, J., concurs with BROWN, J.
[1] The plaintiff in Branscom had attempted service three times within the year of filing the initial complaint. Id. at 242.