This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Marcus Woodham ("Woodham") appeals from the decision of the Lorain County Court of Common Pleas granting a directed verdict in favor of Appellees, Elyria Memorial Hospital ("EMH") and Susan Kreigh ("Kreigh"). This Court affirms.
Woodham, individually and as administrator of the estate of Shirley Woodham, filed a complaint alleging negligence and medical malpractice against EMH and Kreigh. At the conclusion of Woodham's case, Appellees moved for a directed verdict pursuant to Civ.R. 50. The trial court granted the motion, finding that Woodham had failed to present expert testimony on the issue of proximate cause. Woodham timely appealed raising one assignment of error for review.
 ASSIGNMENT OF ERROR The trial court erred in granting [Appellees'] motion for a directed verdict on the issue of proximate cause.
 In his sole assignment of error, Woodham argues that the trial court erred in granting Appellees' motion for a directed verdict. Specifically, he contends that expert testimony was not required to prove that Appellees' negligence was the proximate cause of Mrs. Woodham's injuries. We disagree.
Before addressing the merits of Woodham's claim, we note that when jurisdiction appears uncertain, a court of appeals should raise issues of jurisdiction sua sponte. Kouns v. Pemberton (1992), 84 Ohio App.3d 499,501, overruled on other grounds Wright v. Wright (1994), Hocking App. No. 94CA02, unreported, 1994 Ohio App. LEXIS 5207. In this matter, Woodham brought claims against EMH, Kreigh, John Doe and Jane Doe. The jurisdictional issue in this case is the status of "John Doe" and "Jane Doe," both identified in the complaint as nurses or nursing assistants. The record indicates that Woodham did not later identify either party in his pleadings or serve them with a summons and a copy of the complaint. Civ.R. 15(D) governs when a plaintiff is aware of the identity and whereabouts of a defendant but not his name. The plaintiff must state in his complaint that he could not discover the defendant's name and must amend the complaint when he does discover that name. Civ.R. 15(D). Further, Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing * * * upon a defendant identified by a fictitious name whose name is later corrected pursuant to Rule 15(D)."
Since Woodham made no amendment pursuant to Civ.R. 15(D) and he did not serve "John Doe" and "Jane Doe" with a summons and a copy of the complaint within one year of the filing of the complaint, the action against them was not commenced within the meaning of Civ.R. 3(A). Therefore, the judgment rendered by the trial court adjudicates all pending claims under Civ.R. 54(B) and the order from which Woodham appeals is final and appealable pursuant to R.C 2505.02. See Knott v.Bridgestone/Firestone Tire and Robber Co. (Sept. 25, 1996), Summit App. No. 17829, unreported, at 2, fn. 2; Dillard v. Nationwide Beauty School
(Dec. 11, 1990), Franklin App. No. 90AP-273, unreported, 1990 Ohio App. LEXIS 5542, at *6-8. See, also, Lash v. Miller (1977), 50 Ohio St.2d 63,64-65 (holding that an action was never commenced as to a defendant who was served more than two years after the complaint was filed).
With respect to Woodham's assignment of error, in reviewing a trial court's ruling on a directed verdict, the appellate court must construe the evidence most strongly in favor of the non-moving party and determine whether reasonable minds could come to but one conclusion. Shepherd v.Westlake (1991), 76 Ohio App.3d 3, 10; Civ.R. 50(A). When a plaintiff fails to produce evidence tending to prove the essential elements of his cause of action, a directed verdict is proper. See, e.g., Boldgett v.Kahn (1996), 113 Ohio App.3d 465, 468. Further,
 [t]he court considers the motion without weighing the evidence or determining the credibility of witnesses. A motion for a directed verdict raises a question of law because it examines the materiality of the evidence rather than the conclusions to be drawn from the evidence. Thus, the court does not determine whether one version of the facts presented is more persuasive than another; rather, it determines whether only one result can be reached under the theories of law presented in the complaint.
 (Citations omitted). Cox v. Oliver Machinery Co. (1987), 41 Ohio App.3d 28, 29. We review the trial court's decision de novo. Nichols v. Hanzel (1996), 110 Ohio App.3d 591, 599.
Under the doctrine of respondeat superior, a hospital is liable for the negligent acts of its employees. Klema v. St. Elizabeth's Hosp. ofYoungstown (1960), 170 Ohio St. 519, paragraph two of the syllabus. "In a negligence action involving the professional skill and judgment of a nurse, expert testimony must be presented to establish the prevailing standard of care, a breach of that standard, and that the nurse's negligence, if any, was the proximate cause of the patient's injury."Ramage v. Cent. Ohio Emergency Serv., Inc. (1992), 64 Ohio St.3d 97, paragraph one of the syllabus. However, expert testimony is not required in a negligence action involving conduct within the common knowledge and experience of jurors. Id. at 103.
Mrs. Woodham suffered from lung cancer which had spread throughout her body. As a result of the cancer, the bones in her body were susceptible to "pathologic fractures" which could occur on their own or as a result of trauma. On the day in question, Mrs. Woodham was going to be discharged from EMH after receiving chemotherapy and treatment for dehydration. Kreigh, the EMH nurse attending to Mrs. Woodham, left Mrs. Woodham standing while she locked the wheels of the wheelchair. Mrs. Woodham fell and a subsequent x-ray revealed a broken hip. The critical issue in this matter was whether any conduct by Kreigh constituted the proximate cause of Mrs. Woodham's injury.
It seems clear that "pathologic fractures" is not a topic within the common knowledge and experience of jurors. Therefore, the facts in issue required the application of expert testimony to establish that Kreigh's negligence, if any, was the proximate cause of Mrs. Woodham's injury. Dr. John Krebs, an orthopedic surgeon, testified that the hip fracture may not have been caused by the fall. Although he established that the fracture was related to the fall, he clearly stated that it was impossible to determine whether the fracture was the result of the fall or whether it was a spontaneous break resulting from the cancer which led to the fall. Therefore, Woodham produced no evidence by way of expert testimony to establish proximate cause.
Woodham notes that Krebs testified differently during his previous deposition when he stated as follows:
 It's hard to determine really how — you know, it's hard to say how she actually broke it, but she didn't have any pain in it before the fact that she fell. One can only assume that she fell and broke it, but, again, without — to state which one, either/or, it's hard for me to determine.
 Based on the differences in Krebs' testimony, Woodham maintains that if expert testimony is required to prove proximate cause in this case, construing the evidence in his favor results in reasonable minds reaching different conclusions on the issue of proximate cause.
While some of Krebs' testimony was divergent, as a general matter, the determination of the credibility of witnesses is a matter within the sound discretion of the jury. State v. Mills (1992), 62 Ohio St.3d 357,368. Regardless, as stated previously, the weight of the evidence and the credibility of witnesses are not relevant when determining the appropriateness of a directed verdict.
Since a review of the record reveals that Woodham failed to provide sufficient evidence that Kreigh's actions proximately caused Mrs. Woodham's injury, the trial court did not err in directing a verdict in Appellees' favor. Woodham's assignment of error is overruled.
Woodham's sole assignment of error is overruled, and the judgment of the trial court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ LYNN C. SLABY
BATCHELDER, P.J., WHITMORE, J. CONCUR.