[Cite as *Gadd v. Estate of Lafferty*, 2016-Ohio-4927.]

**IN THE COURT OF APPEALS**

**ELEVENTH APPELLATE DISTRICT**

**PORTAGE COUNTY, OHIO**


| JOSEPH GADD, | : | **MEMORANDUM OPINION** |
|---|---|---|
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2015-P-0072** |
| THE ESTATE OF KORY J. LAFFERTY, et al., | : | |
| | : | |
| Defendant-Appellant. | | |


Civil Appeal from the Portage County Court of Common Pleas.
Case No. 2014 CV 00538.

Judgment: Appeal dismissed.


*Joseph Gadd*, pro se, P.O. Box 13, Aurora, OH 44202 (Plaintiff-Appellee).

*Kirk E. Roman*, 50 South Main Street, Suite 502, Akron, OH 44308 (For Defendant-Appellant).


TIMOTHY P. CANNON, J.

{¶1}     Appellant, the Estate of Kory J. Lafferty, filed a notice of appeal from the September 18, 2015 judgment entry of the Portage County Court of Common Pleas. In that entry, the trial court dismissed appellee's claims without prejudice. Appellee, Joseph Gadd, has not filed a brief on appeal. Upon review, this appeal is dismissed for lack of a final appealable order.

{¶2}     Appellee's complaint alleged a motor vehicle accident, caused by the negligence of Kory J. Lafferty, resulted in appellee's personal injuries and related

property damage. The complaint also named Nationwide Assurance as a defendant, but it is not a party to this appeal. Appellee attempted service upon appellant on three occasions to no avail. Consequently, one year after the complaint was filed, appellant filed a "Motion to Strike Plaintiff's Complaint from the Court's Files for Failure of Commencement." Appellant maintained that appellee failed to commence the action pursuant to Civ.R. 3(A). Appellee did not file a response in opposition.

{¶3} The trial court, in a September 18, 2005 judgment entry, dismissed appellee's claims without prejudice. Appellant appealed and asserts the following assignment of error:

{¶4} "The trial court erred in not striking the case from the Court's files for lack of commencement and/or dismissing the case 'with' prejudice because service was not obtained on the Defendant-Appellant within one year of the filing of the Complaint as required by Ohio Rule of Civil Procedure 3(A)."

{¶5} Civ.R. 3(A) provides, in pertinent part: "A civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant[.]" The court may involuntary dismiss an action "when service of process has not been obtained after the passage of more than one year." *Maryhew v. Yova*, 11 Ohio St.3d 154, 157 (1984), citing *Lash* v. *Miller*, 50 Ohio St.2d 63 (1977) and Civ.R. 3(A).

{¶6} Generally, an involuntary dismissal without prejudice is not a final appealable order. *Arner v. Andover Bank*, 11th Dist. Ashtabula No. 2008-A-0056, 2008-Ohio-5857, ¶2. As this court has previously stated, a dismissal without prejudice leaves the parties in the same position they were in prior to the action being filed. *Id.* (citations omitted). We further note that a dismissal without prejudice is not a final determination

2

of the rights of the parties and does not constitute a final appealable order pursuant to R.C. 2505.02 as the plaintiff may refile or amend a complaint. *See id.* "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989); *see also* Ohio Constitution, Article IV, Section 3(B)(2).

{¶7} Because the trial court dismissed this action without prejudice, we must determine whether we have jurisdiction to consider this appeal. Appellant's argument, however, is that the trial court erred by dismissing this case "without prejudice," i.e., otherwise than upon the merits, instead of "with prejudice," i.e., on the merits.

{¶8} We recognize that Civ.R. 3(A) dismissals have the potential to be either (1) without prejudice for failure to commence within the one-year period or (2) with prejudice for failure to commence within the one-year period and also within the applicable statute of limitations. The latter type of dismissal normally occurs with refiled complaints that do not fall within the savings statute or when it is clear from the record that the statute of limitations has lapsed and has not been tolled. *See, e.g., LaBarbera v. Batsch*, 10 Ohio St.2d 106 (1967). When a trial court dismisses a case without prejudice in that latter situation, the dismissal may be a final appealable order if it is clear from the record it should have been entered with prejudice.

{¶9} In the case at bar, we find the trial court properly dismissed the claims without prejudice for failure to commence within one year. The trial court's decision was not based on the applicable statute of limitations, the savings statute, or any possible tolling events. In fact, appellant did not raise any of these issues in its motion to strike the complaint. The contention that a subsequent complaint would be barred is therefore

not ripe for review. *See Ent. Group Planning, Inc. v. State Farm Ins. Cos.*, 11th Dist. Trumbull No. 98-T-0077, 1999 Ohio App. LEXIS 4970, *11-12.

{¶10} We note that "a dismissal without prejudice does not guarantee that a case can be refiled." *Brubaker v. Ross*, 10th Dist. Franklin No. 01AP-1431, 2002-Ohio-4396, ¶15. "A plaintiff must still refile his case within the applicable statute of limitations, or otherwise refile in a manner permitted by the savings statute." *Id.* at ¶13. Regardless of whether appellee will be permitted to refile his complaint, there simply has been no adverse judgment rendered against appellant at this time; the parties are in the same position they were in prior to the action being filed.

{¶11} Based on the foregoing, this court lacks jurisdiction to consider the appeal for lack of a final appealable order.

{¶12} Appeal dismissed.


CYNTHIA WESTCOTT RICE, P.J.,

THOMAS R. WRIGHT, J.,

concur.

4