**CLARK et al.**

v.

**MEDINA GENERAL HOSPITAL et al.**

Court of Common Pleas of Ohio,
Medina County.

No. 97–CIV–0297.

Decided June 28, 1999.

*David B. Hare,* for plaintiffs.

*Forest A. Norman III,* for defendant Randolph Heinle, D.O.

JAMES L. KIMBLER, Judge.

On May 10, 1999, defendant Randolph Heinle, D.O. filed a motion wherein he requested that the plaintiffs' complaint be dismissed as to him on the basis that he has not been served with process in this action. This motion was set for nonoral hearing on June 7, 1999, and on June 4, 1999, plaintiffs filed a response to said motion.

The procedural history relevant to defendant Heinle's motion is as follows. On January 24, 1997, plaintiffs filed their complaint herein and named Heinle as a party-defendant therein. In the caption of the complaint, the following information was listed under Heinle's name:

"c/o Medina General Hospital
1000 E. Washington Street
Medina, Ohio 44256"

Based upon this information the Medina County Clerk of Courts, on January 30, 1997, sent a summons and a copy of the complaint to said Heinle by certified mail, return receipt requested. The envelope containing these documents was returned to the Clerk on February 6, 1997, with the stamped notation from the United States Postal Service, "RETURNED TO SENDER REFUSED." That same day, the Clerk sent to Sam A. Zingale, plaintiffs' attorney at that time, a "NOTICE OF FAILURE OF SERVICE," informing Zingale of the failure of service on Heinle on the basis that the "CMRRR" was "REFUSED."

However, plaintiffs never requested that Heinle be served by regular mail, as they admit in their brief filed on June 4, 1999: "Regular mail was never initiated by former counsel, attorney Sam Zingale." (Plaintiffs' brief, pg. 1.) Moreover, the record of this case is devoid of any evidence that Heinle was served in any manner.

Nevertheless, on July 14, 1997, Heinle served an answer on plaintiffs' counsel and, thereafter, on July 15, 1997, filed said answer with the Clerk. And instead of raising several Civ.R. 12(B) defenses by motion, Heinle raised these defenses in his answer, which practice is authorized by Civ.R. 12(B). Specifically, he stated: "This court lacks personal jurisdiction of the instant action [over defendant Heinle] by virtue of plaintiffs' failure to comply with the pleading and service of process requirements of [the] Ohio Revised Code and Civil Rules." (Paragraph 22 of Heinle's answer.)

Plaintiffs, in response to these defenses, took no action to effectuate service of process on Heinle, nor did they, pursuant to Civ.R. 12(D), request that the court rule on these defenses.

Heinle, by virtue of his motion, has requested that these defenses be heard and determined by the court. This action by the court is authorized under Civ.R. 12(D), which provides: "The defenses specifically enumerated (1) to (7) in subdivision (B) of this rule, whether made in a *pleading* or by motion, * * * shall be heard and determined before trial on application of *any* party." (Emphasis added.)

At the outset, the court holds that, under notice pleading principles, Heinle, in Paragraph 22 of his answer, has raised the Civ.R. 12(B)(2) defense of lack of jurisdiction over the person, along with the Civ.R. 12(B)(5) defense of insufficiency of service of process.

Civ.R. 3(A) provides that "[a] civil action is commenced by filing a complaint with the court, if service is obtained within one year from such filing upon a named defendant * * *."

In the case *sub judice*, plaintiffs filed a complaint on January 24, 1997, wherein they named Heinle as a defendant. However, the court finds that plaintiffs did not perfect service on defendant Heinle within one year from January 24, 1997. Accordingly, the court further finds plaintiffs' action has not been commenced as to Heinle.

What is the legal consequence of these facts? With respect to the fact that service of process has not been perfected vis-à-vis Randolph Heinle, D.O., it is clear that this court has no jurisdiction over him in this action. As the Ohio Supreme Court has ruled, both before and after the adoption of the Ohio Rules of Civil Procedure, proper service of summons is a prerequisite to a court acquiring jurisdiction. See, *e.g.*, *Lincoln Tavern, Inc. v. Snader* (1956), 165 Ohio St. 61, 64, 59 O.O. 74, 75–76, 133 N.E.2d 606, 610, and *Maryhew v. Yova* (1984), 11 Ohio St.3d 154, 156, 11 OBR 471, 472, 464 N.E.2d 538, 540.

When service of process on a defendant has not been effectuated within one year of the filing of a complaint, the proper remedy for a trial court is to dismiss the action as to any such defendant against whom the case has not commenced. The Ohio Supreme Court first came to this conclusion in *Lash v. Miller* (1977), 50 Ohio St.2d 63, 4 O.O.3d 155, 362 N.E.2d 642, when it affirmed a trial court's dismissal of an action as having never been commenced against a defendant when that defendant was served, but served after the one year "window" for service as provided in Civ.R. 3(A). The court of common pleas, according to the Supreme Court, was correct: "The action herein was never commenced as to defendant Astley. Effective service of summons on the defendant is a necessary prerequisite to the commencement of a civil action. Civ.R. 3(A)." *Id.* at 64–65, 4 O.O.3d at 156, 362 N.E.2d at 643.

Seven years later, in a case, which, according to the Supreme Court, involved "some indicia of legal gamesmanship on the part of the defendant," *Maryhew,* 11 Ohio St.3d at 159, 11 OBR at 475, 464 N.E.2d at 543, the court again upheld a trial court's dismissal of an action where service of process had not been perfected within one year of the date that the complaint had been filed. Citing *Lash* as precedent, the Supreme Court ruled that "[a]n action may be dismissed when service of process has not been obtained after the passage of more than one year." *Maryhew,* 11 Ohio St.3d at 157, 11 OBR at 473, 464 N.E.2d at 541.

In reaching this conclusion again, the Supreme Court explained that it was based upon "Civ.R. 3(A) which provides that an action is commenced when service has been effected upon the defendant within one year from the filing of the action." *Id.* In explaining the policy basis of this rule, the court went on to state: "The philosophy of such rule is that court dockets should be cleared if service has not been attained within the reasonable time of one year." *Id.*

The Ohio Supreme Court then rendered a decision in a case involving a defendant who was not properly served but who filed an answer in which he raised the defense of insufficiency of service of process. No pretrial hearing, such as the one this court is presently entertaining in this case, was held concerning these defenses. *After the completion of the evidence at trial,* the defendant moved to dismiss the action against him "for want of personal jurisdiction and lack of service of process." *First Bank of Marietta v. Cline* (1984), 12 Ohio St.3d 317, 12 OBR 388, 466 N.E.2d 567. The motion was denied by the trial court, and the Court of Appeals for Guernsey County affirmed the trial court's decision in this regard. A motion to certify the record to the Ohio Supreme Court was granted, specifically on the issue of sufficiency of process.

In *Cline,* the Supreme Court determined (1) that the defendant had not been properly served, (2) that he properly raised the defense of insufficiency of process in his answer, and (3) that he did not waive that defense by not requesting a hearing, pursuant to Civ.R. 12(D), prior to trial. Ohio's highest court then reversed the decision of the court of appeals, which had affirmed the trial court's denial of the defendant's motion to dismiss on the basis of want of personal jurisdiction and lack of service of process.

In light of the facts in the case at bar relating to defendant Heinle and the law, as established by the Ohio Supreme Court, applicable to those facts, defendant Heinle's motion to dismiss is hereby granted. Accordingly, this action is hereby dismissed as having never been commenced against him.

*Motion granted.*