BRYANT, APPELLANT, *v.* DOE ET AL., APPELLEES.

(No. 2444—Decided October 6, 1988.)

*James D. Piergies,* for appellant.
*Jeffrey A. Hazlett,* for appellees.

FAIN, J. Plaintiff-appellant, Jeffrey Bryant, appeals from a summary judgment entered against him based on the defense of the statute of limitations. The applicable statute of limitations in this automobile negligence personal injury lawsuit is two years. There is no dispute that this action was commenced more than two years after the cause of action accrued. Bryant argues that defendants-appellees, John Doe and Stella Betz, hereinafter collectively referred to as "Doe," should be estopped from asserting the bar of the statute of limitations because the insurance company representing their interests in this matter misrepresented the date of the automobile accident to Bryant, and thereafter failed to communicate the correct date of the automobile accident to Bryant, with the result that Bryant relied, to his detriment, upon the incorrect date in determining when his cause of action would be barred by the applicable statute of limitations.

We conclude that there is a genuine issue of material fact as to whether Bryant's attorney, in calendaring this matter for statute of limitations purposes, reasonably relied upon the adverse parties' insurance company's misrepresentation of the date of the accident. Accordingly, the summary judgment entered in Doe's favor must be reversed, and this cause must be remanded for further proceedings.

I

In January 1986, Bryant retained an attorney, Michael E. Dyer, to represent him in connection with a claim for a personal injury he received in an automobile accident in which he was involved. Because this accident occurred on private property, there was no accident report at the time. When attorney Dyer asked Bryant for the date of the accident, Bryant told him that it occurred on May 19, 1985. Unfortunately, this was a mistake. The actual date of the accident was April 9, 1985.

Attorney Dyer sent a letter to the insurance company representing Stella Betz, one of the defendants, on January 25, 1986, advising it that he represented Bryant, requesting a copy of any statements taken from Bryant, and cancelling any medical release that Bryant might previously have provided to the insurance company. Above the

salutation and text of that letter, there appeared the following:

"IN RE: Our client: Jeffrey Paul Bryant

"Your insured: Stella Betz (Driver-Wiseman)

"Date of Accident: 5/19/85"

Six days later, a representative of the insurance company responded to Attorney Dyer's letter, acknowledging receipt of the letter, requesting a list of special damages, copies of any medical reports, and verification of lost earnings. This letter also advised Attorney Dyer of the individual who would be handling the claim for the insurance company. Above the salutation and text of this letter, there appeared the following:

"Our Claim No.: C066157

"Our Insured: Stella Betz

"Date of Loss: 5-19-85

"Your Client: Jeffrey Paul Bryant"

In Attorney Dyer's affidavit filed in opposition to Doe's motion for summary judgment, Dyer averred that he relied upon the above-quoted information in the letter he received from Doe's insurance company as a verification of the date of the accident. He further averred that at a later time he indicated to the representative of the insurance company that he was waiting to file a complaint in this case until near the end of the running of the statute of limitations period because his client was in on-going medical treatment. Dyer further averred that the first time that he became aware of the mistaken date of the accident was during a conversation with a representative of the insurance company on May 13, 1987, after the statute of limitations had run, following which he filed the complaint in this case immediately.

Doe pleaded the defense of the statute of limitations, and moved for summary judgment. In support of his motion for summary judgment, he filed a two-page handwritten statement signed by Bryant on April 30, 1985, authenticated and verified in excerpts from a deposition of Bryant also filed in support of the motion for summary judgment, in which the date of the accident was given as April 9, 1985.

Although following Bryant's memorandum contra the motion for summary judgment, Doe submitted certain other documents intended to evidence the fact that Bryant knew, or should have known, of the correct date of the accident, these documents were not authenticated by affidavit, by deposition, or otherwise, and would, therefore, not appear to be properly before the trial court in accordance with Civ. R. 56.

The trial court entered summary judgment in favor of Doe and Bryant appeals.

## II

Bryant assigns the following errors:

"First Assignment of Error

"The trial court erred when it held the plaintiff's right to pursue his claim as being secondary to the strict interpretation of the statute of limitations.

"Second Assignment of Error

"The trial court erred when it granted the defendant's motion for summary judgment since the doctrine of estoppel denies a party with 'unclean hands' the ability to utilize the statute of limitations to their advantage.

"Third Assignment of Error

"The trial court erred when it allowed the defendant to fraudulently induce the plaintiff to preclude asserting his rights until after the statute of limitations had run."

In all of his assignments of error, Bryant contends that the summary judgment entered against him was improvidently granted. Therefore, we

will consider all of his assignments of error together.

Civ. R. 56(C) provides that:

"* * * A summary judgment shall not be rendered unless it appears from * * * [the evidentiary material submitted in accordance with the rule] and only therefrom that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. * * *"

When the evidence properly before the trial court in connection with Doe's motion for summary judgment is viewed in a light most favorable to Bryant, the following facts appear:

(1) Bryant, for some unknown reason, told his attorney that the automobile accident occurred on May 19, 1985, when, in fact, it occurred on April 9, 1985.

(2) Bryant's attorney, in his initial letter to the adverse party's insurance company, communicated his understanding that the date of the accident was May 19, 1985.

(3) The insurance company, in a response dated six days after the letter from Bryant's attorney, indicated that the date of the loss (or accident) was May 19, 1985, when, in fact, the accident actually occurred on April 9, 1985.

(4) On the date of the insurance company's response to Bryant's attorney's initial letter, the insurance company had in its file the statement that it had taken from Bryant reflecting the correct date of the accident, April 9, 1985.

(5) Bryant's attorney, in his initial letter to the insurance company, requested a copy of any statement that Bryant had given to the insurance company. There is nothing in the record to reflect that the insurance company ever provided Bryant's attorney with a copy of Bryant's statement, in which, among other things, the date of the accident was correctly set forth. Therefore, a permissible inference is that the insurance company never did provide a copy of Bryant's statement to Bryant's attorney.

(6) No police report was available to verify the date of the accident (because the accident took place on private property) and Bryant's attorney relied, in good faith, upon the insurance company's repetition of the date of May 19, 1985, as being the date of the accident, in the insurance company's letter responding to Bryant's attorney's initial letter, in calendaring this case for statute of limitations purposes.

(7) During ongoing negotiations with the insurance company, Bryant's attorney indicated that he intended to wait to file a complaint on Bryant's behalf until near the end of the statute of limitations period because of Bryant's ongoing medical treatment.

(8) Bryant's attorney did not become aware of the correct date of the accident until May 13, 1987, during a conversation with a representative from the insurance company, by which time it was already more than two years after the actual date of the accident.

(9) Bryant's attorney filed the original complaint in this action on the very day that he first became aware of the correct date of the accident.

While it appears from the holding merely to have been dictum, the following statement in *Moherman* v. *Nickels* (1942), 140 Ohio St. 450, 464-465, 24 O.O. 468, 474, 45 N.E. 2d 405, 412, is significant:

"Actual fraud or an intent to deceive is not an essential element of an estoppel to plead the statute of limitations. An estoppel may be predicated upon misrepresentations

made by a debtor which misled his creditor, who relied upon them in good faith, so that he failed to commence suit within the statutory period. * * *"

Thus, it is not necessary to find bad faith on the part of Doe's insurance company to work an estoppel of his right to assert the bar of the statute of limitations. It is enough to find that the insurance company made a misrepresentation of fact upon which Bryant, through his attorney, reasonably relied, in good faith, to his detriment.

In this case, whether Bryant's attorney *reasonably* relied upon the date shown in the reference lines in the insurance company's response to his initial letter in calendaring the running of the statute of limitations in this case would seem to be a question upon which reasonable minds could disagree. To avoid summary judgment being entered against him, Bryant merely must establish that there is a genuine issue of material fact, upon which reasonable minds can disagree. We conclude that whether his attorney's reliance upon the date shown in the insurance company's response to his initial letter was reasonable is a genuine issue of material fact. In this connection, the nature of the communications between Bryant and his attorney may well be relevant in determining whether his attorney reasonably relied upon the date shown in the letter from the insurance company. Furthermore, although it was not properly before the trial court in connection with the motion for summary judgment because it was not authenticated or verified by affidavit or otherwise, the subsequent letter from the insurance company correctly setting forth the date of loss, assuming that this letter would be properly admitted in evidence, is something that the trial court could properly consider in determining whether Bryant's attorney's continued reliance upon the information shown in the first

letter was reasonable. Other information which may have been available to Bryant's attorney concerning the date of the accident would also be relevant to a determination of whether his continued reliance upon the date shown in the first letter from Doe's insurance company was reasonable.

Doe cites *Baldridge* v. *Toombs* (C.P. 1962), 23 O.O. 2d 404, for the proposition that any confusion that might have existed in Bryant's mind concerning the date of the accident does not stop the statute of limitations from running until such time as his confusion is cleared up. To begin with, *Baldridge* is outdated as an exposition of the law applicable to the running of the statute of limitations since it holds that "* * * a person's lack of knowledge of his right of action does not prevent the running of the statute or postpone the commencement of the period of limitation until he discovers the facts or learns of his rights thereunder. * * *" *Id.* at 406. The modern rule is that a cause of action only arises for purposes of commencing the running of the statute of limitations period when the plaintiff is aware, or should be aware, that he has been injured. *O'Stricker* v. *Jim Walter Corp.* (1983), 4 Ohio St. 3d 84, 4 OBR 335, 447 N.E. 2d 727, paragraph two of the syllabus.

Furthermore, even *Baldridge* v. *Toombs, supra,* recognizes that the statute of limitations may be tolled where there is some conduct of the adverse party, such as a misrepresentation, which excludes suspicion and prevents inquiry. *Id.* at 406.

Doe also cites *Dayco Corp.* v. *Goodyear Tire & Rubber Co.* (C.A. 6, 1975), 523 F. 2d 389. In that case, a plaintiff was alleging fraudulent concealment on the part of the defendant sufficient to toll the four-year statute of limitations of the Clayton Act, Section 15(b), Title 15, U.S. Code. The court held that the plaintiff in that case had failed to exercise due diligence in

determining whether it had been injured as a result of the defendant's conduct, so that the fraudulent concealment doctrine was not available to toll the statute of limitations.

The case before us is distinguishable from *Dayco Corp.* In the case before us, there was neither a concealment of their actions by the defendants, nor was there a lack of awareness on the part of the plaintiff that he had been injured as a result. Rather, there was, viewing the evidence in a light most favorable to Bryant, an affirmative misrepresentation of fact, on the part of Doe's representative, as to when the cause of action accrued. We conclude that *Dayco Corp.* does not require an element of bad faith where there has been an affirmative misrepresentation of the date that a cause of action accrued (as opposed to conduct concealing the existence of the cause of action) upon which the plaintiff, through his attorney, has reasonably relied to his detriment.

We conclude that there was a genuine issue of material fact, upon which reasonable minds could come to differing conclusions, as to whether Bryant's attorney reasonably relied upon a misrepresentation of the date of accrual of the cause of action by Doe's insurance company. Accordingly, the summary judgment entered in Doe's favor was improvidently granted.

Bryant's assignments of error are sustained.

### III

Bryant's assignments of error having been sustained, the judgment of the trial court will be reversed, and this cause will be remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

KERNS and WILSON, JJ., concur.