**Tabler v. Miller**
*[Cite as 8 AOA 201]*

*Case No. 89 CA 27*
*Gallia County, (4th)*
*Decided December 4, 1990*

*Keith M. Karr, 37 West Broad Street, Suite 460, Columbus, Ohio 43215-4132, for Appellants.*

*Thomas Klein, P.O. Box 637, Ironton, Ohio 45638, for Appellee.*

GREY, J.

This case is an appeal from the Gallia County Common Pleas Court. The trial court granted summary judgment in favor of the defendant on the grounds that the statute of limitations had run. We affirm in part and reverse in part.

This case arose out of an accident which took place on January 30, 1987. Appellants, Tabler, made a claim against appellee's insurer, Nationwide Insurance. Various forms of documentation were requested by Nationwide and there were a series of letters and contracts between counsel for appellant and the adjuster for the insurance company. This went on through 1987 and 1988.

No action was filed on or before January 30, 1989.

On March 6, 1989 Tablers filed a complaint, which was amended on March 20, 1989, seeking recovery for damages suffered by Mr. Tabler as a result of the accident, and a claim by Mrs. Tabler for loss of consortium. Appellee filed a motion for summary judgment *on the grounds* that the claims were barred by the statute of limitations. Tabler resisted the motion on the grounds of estoppel, i.e. that Nationwide had induced counsel for appellant not to timely file, representing that the claim would be paid. The trial court granted summary judgment. The Tablers obtained new counsel and appeal, designating two assignments of error.

ASSIGNMENT OF ERROR I.

"The trial court erred in granting summary judgment in favor of defendant where defendant is estopped from asserting a statute of limitatations defense."

It is agreed by both parties to this appeal that one may be estopped to assert a statute of limitations defense. *Markese v. Ellis* (1967), 11 Ohio App. 2d 160, *Bryant v. Doe* (1988), 50 Ohio App. 3d 19.

The question in this case is: Could reasonable minds find from the facts here that Nationwide was estopped to assert the statute of limitations defense? We think not.

Estoppel is based on the idea of inducement and change of position. *Moore v. Sweda* (1985), 27 Ohio App. 3d 38. Estoppel is based on the idea of misrepresentation of fact, *First Federal Savings & Loan v. Perry's Landing* (1983), 11

Ohio App. 3d 135, or even the misapprehension of fact *Bryant, supra, Markese, supra.*

While the circumstances of the accident do not appear in the record, it seems that liability was not much of an issue and that most of the discussions dealt with the extent of damages. The first adjustor contacted Tabler's attorney several times in 1987 seeking medical bills, etc. The second adjustor contacted counsel seeking to know the current status twice in 1988. Nationwide did pay the property damage claim. Appellant argues that these facts, among others, could be the basis on which a jury of reasonable people might find estoppel against the insurance company.

We do not agree. There is no allegation that appellants were induced to change their position; no allegation that the suit was not filed on time because of any act or suggestion by appellee. Construing the evidentiary matters most strongly in favor of appellant, one could only conclude that Nationwide indicated that it would probably pay the claim, but that it thought that amount claimed was excessive. There is absolutely nothing in the record to show why counsel did not file on time, only that there were negotiations during the two year period.

Appellant argues that Nationwide's "persistent" requests for documentation on medical bills and lost wages constituted a waiver of the statute of limitation on which they could rely. We do not find that a jury could reasonably so construe such conduct as a waiver. Indeed we are loathe to establish a rule which holds that an attempt by an insurer to get documentation on a claim might constitute an admission of liability or that a claimant may rely on this conduct alone to presume the insurance company will not assert all available defenses.

Finally, there was no misrepresentation as to when the statute of limitations would run, or misapprehension that it would run. In short, from this whole record one could only conclude that trial counsel negligently let the statute of limitations run.

Assignment of error one is not well taken and is overruled.

ASSIGNMENT OF ERROR II.

"Plaintiff-Appellants' loss of consortium claims survive the dismissal of the underlying negligence action and were erroneously dismissed by the trial court."

The trial court granted summary judgment against Mr. Tabler's claim for personal injury

and Mrs. Tabler's claim for loss of consortium. Counsel for both parties agree that the statute of limitations for loss of consortium is four years, *Dean v. Angelas* (1970), 24 Ohio St. 2d 99, and that loss of consortium is a derivative action, *Tomlinson v. Skolnik* (1989), 44 Ohio St. 3d 11. Appellee asserts that since the underlying action is barred, the derivative action is also barred.

This presents the question of what is the actual effect of the statute of limitations. If the statute of limitations extinguishes the right, then actions deriving from the right would also be extinguished. If the statute of limitations, however, only extinguishes the remedy, then the right and the actions deriving from that right also continue to exist.

In Ohio, general statute of limitations are statutes of repose. The statute of limitations are remedial in nature, *Gregory v. Flowers* (1972), 32 Ohio St. 2d 48, that is, they operate to bar recovery by cutting off the remedy after the statutory period of time. Generally, they do not extinguish the right itself. In contrast, where a statute creates a specific right and sets the time for bringing the action, the running of the statutory period extinguishes the right itself. See, *Deaconess Home Assn. v. Turner Construction Co.* (1984), 14 Ohio App. 3d 281.

In this case the general statute of limitations applies, i.e. R.C. 2305.09, which is a four year statute of limitations. We find that assignment of error two is well taken.

We affirm the judgment of the trial court as it relates to the claim of Appellant Gilbert Tabler. We reverse the judgment of the trial court as it relates to the claim of Shirley Tabler, and this case is remanded for further proceedings consistent with this opinion.

HARSHA, J., and MARTIN, J., concur in judgment and opinion.

WILLIAM J. MARTIN, J., Carroll County Common Pleas Court, sitting by assignment in the Fourth District.