LOHRENZEN, Appellant,

v.

BROWN et al., Appellees.

[Cite as *Lohrenzen v. Brown* (1998), 129 Ohio App.3d 770.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 73945.

Decided Sept. 14, 1998.

*Gareau & Dubelko Co., L.P.A., Michael R. Gareau* and *David M. Gareau,* for appellant.

·*Lawrence J. Courtney,* for appellees.

*Per Curiam.*

Plaintiff-appellant Gustav Lohrenzen appeals from the trial court's order dismissing appellant's complaint. Appellant assigns the following errors for our review:

"I. The court erred in dismissing counts one (fraud) and two (breach of contract) pursuant to R.C. 2305.19 because both claims were filed within their respective statutes of limitations, and R.C. 2305.19 does not apply where a claim is dismissed and refiled before the statute of limitations has run.

"II. The court erred in dismissing count three (Ohio Consumer Sales Practice Act) because the claim was filed within the two year statute of limitations, dismissed without prejudice following the running of the statute of limitations, and then refiled within one year from the date of dismissal."

Finding appellant's assignments of error to have merit, we reverse the judgment of the trial court and remand this case for further proceedings consistent with this opinion.

I

On June 28, 1993, defendants-appellees Jerry Brown and Brown Auction Service entered into an auction contract with appellant whereby appellees agreed to conduct an auction to sell certain items owned by appellant. The auction was conducted by appellees on August 28, 1993. Appellant was informed of the final settlement and proceeds from the auction the next day, August 29, 1993.

On March 23, 1994, appellant filed a complaint in the Cuyahoga County Court of Common Pleas against appellees. In his complaint, which was assigned case No. 267574, appellant asserted claims of breach of contract and violations of the Ohio Consumer Sales Practice Act, R.C. Chapter 1345. On March 29, 1995, the trial court dismissed appellant's complaint for failure to prosecute. Pursuant to Civ.R. 41(B)(1), the dismissal of appellant's complaint was involuntary and without prejudice.

On August 29, 1995, appellant refiled his complaint against appellees. In his second complaint, which was assigned case No. 294626, appellant reasserted his claims of breach of contract and violations of R.C. Chapter 1345. On December 23, 1996, appellant's complaint was again dismissed without prejudice by the trial court for failure to prosecute.

On April 17, 1997, appellant once again refiled his complaint against appellees. In his third complaint, which was assigned case No. 333322, appellant raised claims of fraudulent inducement and fraud, breach of contract, and violations of R.C. Chapter 1345. On December 4, 1997, appellees filed a motion to dismiss.

In their motion, appellees argued that R.C. 2305.19 "can be used only once to invoke an additional one-year period in which to refile an action."

The trial court dismissed appellant's third complaint with prejudice on January 9, 1998. In its order, the trial court stated that appellant's case was dismissed "per O.R.C. 2305.19." On February 5, 1998, appellant filed a timely notice of appeal from the trial court's order dismissing his third complaint.

## II

■ In his first assignment of error, appellant asserts that the trial court erred in dismissing his fraud and breach-of-contract claims. Appellees have argued, and the trial court agreed, that appellant's third complaint should have been dismissed because the saving statute, R.C. 2305.19, can be used only once to refile a case. The flaw in appellees' argument, and the trial court's decision, is that R.C. 2305.19 had no application to the refiling of appellant's fraud and breach-of-contract claims.

R.C. 2305.19 states:

"In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, *and the time limited for the commencement of such action at the date of reversal or failure has expired,* the plaintiff, or, if he dies and the cause of action survives, his representatives may commence a new action within one year after such date." (Emphasis added.)

■ R.C. 2305.19 may be applied only to a case that was dismissed when the statute of limitations had already expired. *Thomas v. Freeman* (1997), 79 Ohio St.3d 221, 224, 680 N.E.2d 997, 1000.

■ Pursuant to R.C. 2305.09(C), the statute of limitations on appellant's fraud claim expired on August 29, 1997, four years after the cause of action accrued.[1] Pursuant to R.C. 2305.06, the statute of limitations on appellant's breach-of-contract claim will expire on August 29, 2008, fifteen years from the date the cause of action accrued. Appellant's third complaint, which was filed on April 17, 1995, was clearly filed prior to the expiration of the applicable statutes of limitations for appellant's fraud and breach-of-contract claims.

■ As noted above, appellant's case against appellees was twice involuntarily dismissed pursuant to Civ.R. 41(B)(1) for failure to prosecute. Civ.R. 41(B) provides:

---

1. Appellant's causes of actions accrued on August 29, 1993, when he was informed of the final settlement and proceeds from the auction.

"(1) Failure to prosecute. Where the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim.

"* * *

"(3) Adjudication on the merits; exception. A dismissal under this subdivision and any dismissal not provided for in this rule, except as provided in subsection (4) of this subdivision, operates as an adjudication upon the merits unless the court, in its order for dismissal, otherwise specifies."

In both orders to dismiss, the trial court clearly indicated that the dismissals were without prejudice. Therefore, appellant's first and second complaints failed "otherwise than upon the merits." Civ.R. 41(B)(3).

■ When an original action is dismissed without prejudice in a trial court, the plaintiff may generally refile the original action at some later date, provided the statute of limitations has not expired. *McCann v. Lakewood* (1994), 95 Ohio App.3d 226, 231, 642 N.E.2d 48, 51. Therefore, the trial court erred in dismissing the fraud and breach-of-contract claims in appellant's third complaint. These claims were neither barred by the applicable statutes of limitations nor prohibited by R.C. 2305.19.

Accordingly, appellant's first assignment of error is sustained and the judgment of the trial court is reversed.

## III

■ In his second assignment of error, appellant asserts that the trial court erred in dismissing his claim under the Ohio Consumer Sales Practice Act, R.C. Chapter 1345. Appellant states that he timely and properly used R.C. 2305.19 to save his R.C. Chapter 1345 claim.

■ Parties seeking refuge under R.C. 2305.19 must meet two requirements:

"The first one of these is either the commencement or the attempted commencement of the action before the expiration of the statutory limitations period for such actions. The second is a failure otherwise than upon the merits." *Branscom v. Birtcher* (1988), 55 Ohio App.3d 242, 243, 563 N.E.2d 731, 733.

Pursuant to R.C. 1345.10(C), the limitations period for a claim under R.C. Chapter 1345 is two years. Appellant timely filed his second complaint on August 29, 1995, the day the statute of limitations on his claim under R.C. Chapter 1345 would have expired. Thereafter, on December 23, 1996, appellant's second complaint was dismissed without prejudice by the trial court. The dismissal constituted a failure "otherwise than upon the merits" within the

meaning of the saving statute, R.C. 2305.19. On April 17, 1997, appellant filed his third complaint. Having satisfied the statute's requirements, appellant was able to properly use R.C. 2305.19 for the first time to save his claim under R.C. Chapter 1345.

Accordingly, appellant's second assignment of error is also sustained.

The judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

NAHRA, P.J., SPELLACY and JAMES D. SWEENEY, JJ., concur.