DECISION AND JUDGMENT ENTRY
R.C. 2305.19, also known as the "savings statute," enables a plaintiff to re-file an otherwise time-barred action within one year after a dismissal without prejudice. Appellant John D. Mihalcin, II, invoked R.C. 2305.19 to re-file a previously-dismissed complaint. He later dismissed the re-filed complaint voluntarily, without prejudice, nearly two years after the statute of limitations expired. The appellant re-filed the action yet a third time, attempting to invoke the savings statute again. The issue in this case is whether the appellant may use the savings statute more than once to re-file a complaint. Because allowing multiple re-filings would run contrary to established interpretation of R.C. 2305.19, we hold that he cannot.
 I.
The parties do not dispute the facts pertinent to this appeal. On March 29, 1995, the appellant filed a complaint against appellee Hocking College in the Ohio Court of Claims, seeking damages for personal injuries suffered on March 30, 1993. The Court of Claims dismissed the appellant's complaint for lack of subject-matter jurisdiction on May 12, 1995.[1] At the time of dismissal, the statute of limitations for the appellant's claims had expired. See R.C. 2744.04(A) (two-year statute of limitations for personal-injury actions against a political subdivision).
Less than one month later, on June 6, 1995, the appellant filed the identical complaint against the appellee in the Athens County common pleas court. The appellee moved for summary judgment, arguing that the statute of limitations had expired. The trial court denied the motion, holding that the savings statute gave the appellant one year from the date of dismissal in the Court of Claims to re-file his complaint in the proper court. Although he was able to survive summary judgment, the appellant was apparently not prepared for trial. On January 10, 1997, prior to the scheduled trial date, the appellant voluntarily dismissed his complaint without prejudice under Civ.R. 41(A).
On January 6, 1998, the appellant re-filed his complaint against the appellee in the Athens County common pleas court. The appellee's answer alleged that the statute of limitations barred the appellant's claim and that the appellant could not use the savings statute to render his complaint timely. The appellee then moved for summary judgment based on the statute of limitations. The trial court granted the motion. The court observed that the appellant had already utilized R.C. 2305.19, the savings statute, to re-file his complaint following dismissal in the Court of Claims. The court further noted that a plaintiff may use the savings statute only once to re-file a case. Accordingly, the savings statute did not provide the appellant with an additional year to re-file his case, meaning that the statute of limitations barred his complaint. The court entered judgment in the appellee's favor and the appellant commenced his appeal to this court, raising three assignments of error:
 1. The trial court erred in granting summary judgment to Defendant-Appellee, where Plaintiff-Appellant properly exercised the clear rights and protections outlined by Rule 41 of the Ohio Rules of Civil Procedure in dismissing and re-filing his Complaint, and the trial court ignored such rights and protections, instead relying upon ambiguous and conflicting provisions of Ohio Revised Code § 2305.19.
 2. The trial court erred in granting summary judgment to Defendant-Appellee, when the trial court incorrectly interpreted Ohio Revised Code § 2305.19 to allow only one (1) refiling of Plaintiff-Appellant's Complaint.
 3. The trial court erred in granting summary judgment to Defendant-Appellee, when the clear and undisputed facts indicate that Plaintiff-Appellant's Complaint was dismissed by an Order of the trial court, which Order indicated specifically that such dismissal was "without prejudice, and other than on the merits," and reinforced the understanding and expectation of the parties, and the trial court, that Plaintiff-Appellant's Complaint would be re-filed.
 II.
Each of the appellant's assignments of error argues that the trial court erroneously granted summary judgment in the appellee's favor. When reviewing a grant of summary judgment, we apply the same standard as the trial court and offer no deference to its decision. Evans v. S. Ohio Med. Ctr. (1995),103 Ohio App.3d 250, 253. Summary judgment is appropriate when: (1) there remains no genuine issue of material fact to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) when viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to a conclusion only in favor of the moving party. Bostic v. Connor (1988), 37 Ohio St.3d 144,146; Civ.R. 56(C). The moving party bears the initial burden of showing that no genuine issue of fact exists. Mitseffv. Wheeler (1988), 38 Ohio St.3d 112, 115. To survive summary judgment, the nonmoving party must produce evidence on any issue (1) for which that party bears the burden of production at trial, and (2) for which the moving party has met its initial burden. See Dresher v. Burt (1996), 75 Ohio St.3d 280, 293; see, also,Wing v. Anchor Media, Ltd. of Texas (1991), 59 Ohio St.3d 108, paragraph three of the syllabus.
The only issue before us is whether the appellant's third complaint was barred by the statute of limitations. The appellant argues that Civ.R. 41(A) and/or R.C. 2305.19 give him the right to re-file his complaint without being time-barred. In the alternative, he argues that equitable estoppel principles should prevent the appellee from relying on a statute-of-limitations defense. We analyze each of these contentions in turn.
 A.
In the first assignment of error, the appellant alerts us to the plain language of Civ.R. 41(A), which provides that a dismissal under that division is "without prejudice."[2] Thus, the appellant argues that the rule gives him an "absolute right" to re-file the complaint for a third time. The appellant insists that the savings statute, R.C. 2305.19, "eliminates" these absolute rights granted by Civ.R. 41(A). To the extent that Civ.R. 41(A) and R.C. 2305.19 conflict, the appellant argues that we must apply Civ.R. 41(A) and allow him to re-file his complaint. We do not agree.
R.C. 2305.19 states:
 In an action commenced, or attempted to be commenced, if in due time a judgment for the plaintiff is reversed, or if the plaintiff fails otherwise than upon the merits, and the time limited for commencement of such action at the date of reversal or failure has expired, the plaintiff may commence a new action within one year after such date.
At the outset, we note that the appellant's argument under this assignment is misplaced in two fundamental respects. First, the appellant's argument fails to recognize the true basis for the trial court's grant of summary judgment. Rather than "applying" R.C. 2305.19 as a rationale for granting summary judgment, the trial court did the opposite. The court declared that R.C.2305.19 did not apply in this case, rendering the appellant's second re-filing of his complaint untimely. Thus, the appellant incorrectly identifies a "conflict" between R.C. 2305.19 and Civ.R. 41(A) for the simple reason that the trial court did not apply the statute with which Civ.R. 41(A) purportedly conflicts.
Second, we note that the appellant does not explain how the savings statute "eliminates" a plaintiff's right to re-file a complaint that he has voluntarily dismissed under Civ.R. 41(A). Presumably, the appellant means that the savings statute places a one-year time limitation on refiling a complaint after a failure "otherwise than upon the merits," whereas Civ.R. 41(A) contains no such limitation. Rather than "eliminate" rights under Civ.R. 41(A), however, the savings statute actually complements them. The savings statute applies only when a plaintiff's action is timely commenced and then dismissed without prejudice after the statute of limitations on the plaintiff's claim has run. Lewis v.Connor (1986), 21 Ohio St.3d 1, 4; see, also, Motorists Mut. Ins.Co. v. Huron Rd. Hosp. (1995), 73 Ohio St.3d 391, 396. The statute therefore affords a plaintiff the opportunity to bring a new action after the expiration of the applicable statute of limitations when the original action fails "otherwise than upon the merits." Thus, the appellant is incorrect in his assessment that R.C. 2305.19 "eliminates" a plaintiff's right to re-file a voluntarily-dismissed complaint.
Notwithstanding the appellant's misplaced argument that Civ.R. 41(A) and R.C. 2305.19 "conflict," we recognize the gravamen of his contention. The appellant's argument rests on the notion that the court's January 10, 1997, order dismissed his complaint "without prejudice." A dismissal "without prejudice" means that it has no res judicata effect; the plaintiff is permitted to re-file the action because the case was dismissed otherwise than upon the merits. See Chadwick v. Barba Lou, Inc. (1982), 69 Ohio St.2d 222,226; Frysinger v. Leech (1987), 32 Ohio St.3d 38, paragraph two of the syllabus. While it may have no res judicata
effect, however, a dismissal "otherwise than upon the merits" under Civ.R. 41(A) still carries practical consequences. The dismissal leaves a plaintiff in the same position as if he had never commenced the action. Central Mut. Ins. Co. v.Bradford-White Co. (1987), 35 Ohio App.3d 26, 28; Van American Ins. Co. v.Schiappa (Apr. 29, 1999), Jefferson App. Nos. 97-JE-42, 97-JE-46, unreported. Thus, while a plaintiff may generally re-file his complaint following a Civ.R. 41(A) dismissal, he may do so only "provided that the statute of limitations has not expired * * *."McCann v. Lakewood (1995), 95 Ohio App.3d 226, 231; see, also,Lohrenzen v. Brown (1998), 129 Ohio App.3d 770, 774. Civ.R. 41(A) does not expand the applicable limitations period established by statute. Branscom v. Birtcher (1988), 55 Ohio App.3d 242, 243. Thus, while a dismissal may technically be "without prejudice," the plaintiff's action may nevertheless be time-barred unless the action is preserved through operation of the savings statute.McCann, 95 Ohio App.3d at 231. In this case, the appellant dismissed his second complaint on January 10, 1997, pursuant to Civ.R. 41(A). The dismissal left the appellant in the same position as if he had never commenced the action. Thus, his re-filing on January 6, 1998, constituted a new action, filed nearly three years after the statute of limitations expired. While the appellant correctly notes that he had a procedural right under Civ.R. 41(A) to voluntarily dismiss his complaint, this right is not as "absolute" as the appellant insists. Civ.R. 41(A) does not give litigants an absolute right to re-file and prevent operation of the statute of limitations. The first assignment of error is overruled.
 B.
In his second assignment of error, the appellant argues that the trial court erroneously declared the savings statute inapplicable to his third complaint. The trial court found that the Court of Claims dismissed the appellant's first complaint otherwise than upon the merits and that the savings statute allowed the appellant to re-file in the Athens County common pleas court without being time-barred. See Reese v. Ohio StateUniv. Hosp. (1983), 6 Ohio St.3d 162, syllabus (savings statute applicable to suits filed in the Court of Claims). Because the appellant had once invoked the savings statute to re-file, the court decided that the appellant was precluded from using it to again revive his complaint beyond the expiration of the statute of limitations. We agree with the trial court.
Although the Ohio Supreme Court has not squarely decided the issue, it has strongly suggested in dicta that a plaintiff may use the savings statute only once to re-file a case. See Thomasv. Freeman (1997), 79 Ohio St.3d 221, 227. In Thomas, the court held that a dismissal for failure to obtain service on a defendant was a dismissal "otherwise than upon the merits" and that a plaintiff could therefore utilize the savings statute to re-file within one year, provided that the statute's other procedural requirements were satisfied. Id. at paragraphs one and two of the syllabus. The court rejected arguments that classifying the dismissal as "without prejudice" would risk continuous re-filings by a dilatory plaintiff. Id. at 227. As one of its reasons, the court noted that "the savings statute can be used only once to re-file a case." Id., citing Hancock v. KrogerCo. (1995), 103 Ohio App.3d 266, and Iglodi v. Montz (Aug. 4 [sic, 31], 1995), Cuyahoga App. No. 68621, unreported. Thus, the Ohio Supreme Court has tipped its proverbial hand concerning the number of times a plaintiff may utilize R.C. 2305.19. Moreover, a multitude of Ohio appellate cases have also concluded that a plaintiff may utilize the savings statute only once to re-file a case. See, e.g., Estate of Carlson v. Tippett (1997), 122 Ohio App.3d 489,491; Koslen v. American Red Cross (Sept. 4, 1997), Cuyahoga App. No. 71733, unreported, discretionary appeal not allowed (1998), 81 Ohio St.3d 1414; Stover v. Wallace (Feb. 15, 1996), Franklin App. No. 95APE06-743, unreported, discretionary appeal not allowed (1997), 77 Ohio St.3d 1419; Nagy v. Patterson
(Nov. 9, 1994), Lorain App. No. 005837, unreported; Gailey v.Murphy (Feb. 24, 1993), Summit App. No. 15805, unreported. We adopt this position and likewise decide that the appellant could not utilize the savings statute to timely file his third complaint.
Apart from the dicta in Thomas and the consensus among appellate decisions, the requirements for applying the savings statute provide additional support for our holding. A plaintiff must satisfy at least two elements to employ the savings statute: (1) commencement of an action before the statute of limitations has expired, and (2) failure otherwise than upon the merits after
the statute of limitations has expired. Lohrenzen, supra,129 Ohio App.3d at 774; Brancom, supra, 55 Ohio App.3d at 243. When a plaintiff has already utilized the savings statute once, it necessarily means he has re-filed an action after the statute of limitations has expired. Thus, an attempt to use the savings statute a second time (i.e. to file a third complaint) is an attempt to re-file an action (i.e. the second complaint) that wasnot commenced before the statute of limitations expired. SeeFrysinger, supra, 32 Ohio St.3d at 42 (noting that date of filing new action under R.C. 2305.19 relates back to filing date of thepreceding action for statute of limitations purposes). The third complaint therefore fails to qualify for re-filing under R.C.2305.19 because it constitutes an attempt to re-file an action that was not commenced before expiration of the statute of limitations. Tippett, supra, 123 Ohio App.3d at 491; Koslen,supra; Gailey, supra. Were the rule otherwise, a plaintiff could utilize the savings statute to keep a cause of action alive long past the time that the statute of limitations expired. SeeSeawright v. Zabell (Apr. 27, 1989), Cuyahoga App. No. 55232, unreported. This would directly contradict the Ohio Supreme Court's pronouncement that R.C. 2305.19 is neither a tolling provision nor a statute of limitations unto itself. See Reese,supra, 6 Ohio St.3d at 163.
The second assignment of error is overruled.
 C.
In his final assignment of error, the appellant argues that the trial court should have applied the doctrine of equitable estoppel to prevent the statute of limitations from barring his third complaint. The appellant argues that he voluntarily dismissed his second complaint with the understanding that he could re-file the complaint a third time. His understanding was apparently solidified by the trial court's order granting the appellant a voluntary dismissal of the second complaint without prejudice. The appellant argues that he detrimentally relied upon this order by believing he could re-file his complaint a third time and should therefore be allowed to do so. We disagree because we find the equitable estoppel doctrine inapplicable under the circumstances presented here.
A defendant will be equitably estopped from asserting certain facts where he has, by his conduct, induced the plaintiff to change position in good faith reliance upon that conduct. Stateex rel. Cities Service v. Orteca (1980), 63 Ohio St.2d 295, 299. To make a prima facie case for equitable estoppel, the plaintiff must show that: (1) the defendant made a factual representation; (2) that was misleading; (3) that induced actual, good-faith reliance that was reasonable; and (4) that the reliance caused detriment to the plaintiff. Jefferson Place Condominium Assn. v.Naples (1998), 125 Ohio App.3d 394, 401, discretionary appeal not allowed (1998), 81 Ohio St.3d 1527. The equitable estoppel doctrine is designed to prevent actual or constructive fraud and to promote the ends of justice. Ohio State Bd. of Pharmacy v.Frantz (1990), 51 Ohio St.3d 143, 145. A party asserting equitable estoppel need not, however, establish actual fraud or an intent to deceive to estop the other party from pleading the statute of limitations. Bryant v. Doe (1988), 50 Ohio App.3d 19,21, citing Moherman v. Nickels (1942), 140 Ohio St. 450, 464-65.
The appellant cannot establish the applicability of equitable estoppel because he cannot meet the very first element of the doctrine. The appellant has not alleged, and has not cited evidence in the record to show, any statement or conduct by theappellee suggesting that it would not raise the statute of limitations as a defense. Without any evidence suggesting that the appellee somehow induced him to voluntarily dismiss the second complaint, the appellant cannot invoke equitable estoppel to escape the statute of limitations. See Payton v. Rehberg
(1997), 119 Ohio App.3d 183, 188-89, citing Markese v. Ellis
(1967), 11 Ohio App.2d 160, and Tabler v. Miller (Dec. 4, 1990), Gallia App. No. 89CA27, unreported.
The lone case cited by the appellant in support of equitable estoppel, Hutchinson v. Wenzke (Jan. 8, 1999), Montgomery App. No. 16678, unreported, discretionary appeal not allowed (1999),85 Ohio St.3d 1480, is readily distinguishable. In Hutchinson,
the parties had stipulated that the plaintiffs could re-file their complaint following a dismissal under Civ.R. 41(A)(1)(b).Id. Thus, the court held that the defendants had effectively made a factual representation that the plaintiffs could dismiss their complaint without prejudice to re-filing it. Id. See, also,Bryant, supra, 50 Ohio App.3d at 22 (genuine factual issue existed concerning estoppel from pleading statute of limitations when defendant had misrepresented date that claim accrued). In this case, there was no such stipulation by the appellee. The appellant voluntarily dismissed the complaint in the Athens County common pleas court on his own.
The appellant makes much of the fact that the trial court entered an order granting the appellant's motion for a voluntary dismissal "without prejudice, and other than on the merits."[3]
The appellant contends that this order reflected the trial court's belief that the appellant could re-file the case and that this understanding should equitably estop the appellee from relying upon a statute of limitations defense. We cannot agree. The appellant provides no authority supporting the proposition that we may invoke equitable estoppel in the absence of misleading statements or conduct by the opposing party. Moreover, the appellant is "conclusively presumed to be aware of the requirements of the rules under which [he] chose to proceed."Payton, supra, 119 Ohio App.3d at 192. The appellant elected to voluntarily dismiss the second complaint; although he and the trial court may have understood the dismissal to be "without prejudice," this understanding does not constitute an authorization for the appellant to proceed in derogation of the statute of limitations. See id. See, also, Heskett v. Paulig
(1999), 131 Ohio App.3d 221, 227-28 (holding that plaintiff could not invoke equitable estoppel based on mutual mistake of law concerning ability to re-file). The trial court properly refused to apply equitable estoppel as a basis for allowing yet a third filing of the appellant's complaint. The third assignment of error is overruled.
Having overruled each of the appellant's assignments of error, we affirm the judgment of the Athens County Court of Common Pleas.
KLINE, P.J. EVANS, J., Concur in Judgment and Opinion.
JUDGMENT AFFIRMED.
 ____________________________ WILLIAM H. HARSHA, Judge
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
[1] The Tenth District Court of Appeals affirmed the dismissal in Mihalcin v. Hocking College (Dec. 14, 1995), Franklin App. No. 95AP106-760, unreported. The court held that the appellee was a "political subdivision" that was excluded from the definition of "the state" for purposes of Court of Claims jurisdiction.Id.
[2] Civ.R. 41(A) provides:
(1) * * * [A]n action may be dismissed by the plaintiff without order of court (a) by filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by the defendant or (b) by filing a stipulation of dismissal. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court, an action based on or including the same claim.
(2) * * * Except as provided in subsection (1) an action shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper. * * * Unless otherwise specified in the order, a dismissal under this paragraph is without prejudice.
[3] It is unclear why the appellant filed a "motion" for voluntary dismissal under Civ.R. 41(A) when he sought to dismiss the second complaint. The appellant was entitled to dismiss the second complaint without order of court by simply filing a notice of dismissal because he had not previously requested a voluntary dismissal. See Civ.R. 41(A)(1). Nevertheless, the dismissal was signed by the trial judge and constituted an order of the court. As a technical matter, the dismissal therefore appears to have been made under the authority of Civ.R. 41(A)(2). See Chadwick v.Barba Lou, Inc., supra, 69 Ohio St.2d at 225.
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.