OPINION
{¶ 1} This is an appeal from an order of the common pleas court that dismissed a personal injury action for failure of service and lack of jurisdiction.
 {¶ 2} The claims for relief in the action arose from an automobile accident that occurred on May 13, 1996. Two years later, on May 13, 1998, the Plaintiffs, Joe and Esther Lesher, filed a complaint on their respective claims for personal injuries and loss of consortium. Service was obtained shortly thereafter on the Defendant, Matthew McDermott, on June 22, 1998.
 {¶ 3} On March 11, 1999, Plaintiffs filed a notice of voluntary dismissal pursuant to Civ.R. 41(A). Per R.C. 2305.19, that tolled the two-year statute of limitations applicable to the personal injury claim for a period of one year. It did not likewise extend the four years statute of limitations on the loss of consortium claim because that period had not yet expired, and would not expire until May 13, 2000.
 {¶ 4} On May 8, 2000, Plaintiffs refiled their action on both claims for relief. It is undisputed that, as to both claims, the respective statutes of limitation were then satisfied.
 {¶ 5} On December 7, 2001, some nineteen months after Plaintiffs had refiled their action, Defendant moved to dismiss pursuant to Civ.R. 12(B)(4) for insufficiency of process. Defendant alleged that no complaint and summons had been served on him within one year after the action was refiled, as Civ.R. 3(A) requires in order to "commence" an action. Not having been commenced at all, the action on Plaintiff's claims for relief was therefore not "brought" within the time prescribed by the applicable statutes of limitation, requiring dismissal for lack of jurisdiction.
 {¶ 6} Plaintiffs argued in response that Civ.R. 4(E) and Civ.R. 41(B)(1) would permit the court to dismiss without prejudice in that circumstance. They also argued that the one year requirement of Civ.R. 3(A) was extended pursuant to R.C. 2305.15 because Defendant was out of state or had willfully concealed his whereabouts for some or all of the one year concerned.
 {¶ 7} The trial court took evidence on Plaintiffs' claims. The court found that Defendant was a resident of Ohio during the one year concerned and had not absconded or concealed his whereabouts to avoid service. The court noted that Defendant was on court supervised community control during the entire year following the date Plaintiffs refiled their action. The court therefore granted Defendant's motion to dismiss.
 {¶ 8} Plaintiffs filed a timely notice of appeal. They present four assignments of error.
 First Assignment of Error {¶ 9} "To the extent the lower court considered additional evidentiary matters, the court should have treated the motion as a motion for summary judgment, accordingly, the trial court erred in not considering additional evidence proffered by the plaintiff."
 {¶ 10} Civ.R. 12(B)(6) permits a defending party to move to dismiss for the plaintiff's failure to state a claim upon which relief may be granted. The Rule further provides that when a motion made under that Rule "presents matters outside the pleading and such matters are not excluded by the court, the motion shall be treated as a motion for summary judgment and disposed of as provided in Civ.R. 56."
 {¶ 11} Defendant's motion to dismiss was not made pursuant to Civ.R.12(B)(6) but pursuant to Civ.R. 12(B)(4), for insufficiency of process. Defendant had to rely only on the clerk's appearance docket to show that no service was made. Plaintiffs' responses did raise collateral matters in their R.C. 2305 claim. The court afforded Plaintiffs an evidentiary hearing on their claims. They have not demonstrated how they were prejudiced in the process.
 {¶ 12} Plaintiffs also argue that Defendant is equitably estopped from asserting a lack of jurisdiction over him. Plaintiffs have not presented an argument in support of that contention, as App.R. 16(A)(7) requires. They cite Bryant v. Doe (1988), 50 Ohio App.3d 19, wherein we held that a defendant whose attorney had misrepresented the date of an accident was estopped from asserting a statute of limitations defense. Neither those facts nor the rule of law involved apply here.
 {¶ 13} The first assignment of error is overruled.
 Second Assignment of Error {¶ 14} "The trial court erred in failing to address plaintiffs' claim of equitable estoppel."
 {¶ 15} Plaintiffs argue that Civ.R. 4(E), which permits dismissal without prejudice if service is not obtained within six months, allowed the court to dismiss on that basis. We do not agree. Civ.R. 4(E) doesn't extend the one-year service requirement of Civ.R. 3(A), which mandates service within one year after an action is filed or refiled in order for the action to then have been "commenced." Plaintiffs clearly failed to effect service in their refiled action within that time.
 {¶ 16} Plaintiffs also rely on Civ.R. 41(B)(1), which permits the court to dismiss for failure of prosecution. That form of dismissal has no effect on the one-year service requirement of Civ.R. 3(A), and wasn't the basis of the dismissal here.
 {¶ 17} Plaintiffs further argue that Defendant was aware of the fact that they had refiled their action on May 8, 2000. They point to a letter to their attorney from Attorney Wilbur S. Lang (Plaintiffs' Exhibit 2), in which Lang asks Plaintiffs' attorney to present an offer of settlement and suggests mediation. However, the Lang letter is dated March 15, 2000, more than seven weeks before Plaintiffs' action was refiled. It cannot demonstrate that Defendant or his attorneys were aware that the action was refiled.
 {¶ 18} Finally, Plaintiffs point to the testimony of Defendant's father, who indicated that he had received correspondence from Defendant's attorney asking Defendant to contact him, and that he shared that correspondence with Defendant or made him aware of it. However, that evidence does not demonstrate that timely service of summons and complaint was effected pursuant to the Civil Rules on Defendant, who denied any knowledge of the refiled action. (T. 14). The court rejected Plaintiffs' contentions, noting that Plaintiffs had not contacted a process server to locate and serve Defendant until March 1, 2000, only one week before their one-year window of opportunity to serve him would expire.
 {¶ 19} The second assignment of error is overruled.
 Third Assignment of Error {¶ 20} "The totality of the circumstances reflect that the defendant was equitably estopped from raising a statute of limitations defense and that the within motion to dismiss was improvidently granted."
 {¶ 21} Plaintiffs argue that the trial court erred when it held that Plaintiff Esther Lesher's loss of consortium claim is governed by the two-year statute of limitations applicable to personal injury claims, R.C. 2305.10. They argue that the loss of consortium claim is instead governed by the four year statute of limitations, R.C. 2305.09(D). Therefore, according to Plaintiffs, as to the consortium claim that accrued from the accident of May 13, 1996, the statute was satisfied when their action was refiled on May 8, 2000, within four years after the accident of May 13, 1996.
 {¶ 22} We agree that the statute of limitations applicable to loss of consortium claims is R.C. 2305.09(D), which has a four year term. Deanv. Angelas (1970), 24 Ohio St.2d 99. Because the action was refiled within four years after the claim accrued, the statute was satisfied with respect to the loss of consortium claim, but only if service of the complaint and summons on Defendant was effected within the following year. Civ.R. 3(A) imposes that requirement in order to "commence" an action when the complaint is filed. Because that was not done, the action on the loss of consortium claim was not "brought" within four years after it accrued, as R.C. 2305.09(D) requires. The court reasoned that it therefore lacked jurisdiction to determine the claim or to grant the relief requested, and that dismissal was required per Lash v. Miller
(1977), 50 Ohio St.2d 63. We agree.
 {¶ 23} The third assignment of error is overruled.
 Fourth Assignment of Error {¶ 24} "The trial court erred in concluding that a two year statute of limitations applied to appellant Esther Lesher's claim for loss of consortium"
 {¶ 25} We addressed the particulars of this assignment of error in overruling the third assignment of error.
 {¶ 26} Plaintiffs cite and rely on Schneider v. Steinbrunner
(Nov. 8, 1995), Montgomery App. No. 15257. Our holding in that case concerned when R.C. 2305.19 is available to a plaintiff, not whether the plaintiff must effect service within one year after an action is refiled in order for it to have been brought when the complaint was filed. Plaintiffs suggest that, having attempted service in the refiled action, he is entitled to again dismiss and refile. However, by its terms R.C.2305.19 can only be used once. Hancock v. Kroger Co. (1995),103 Ohio App.3d 266. The argument also ignores the defect fatal to Plaintiffs' case, which is that within the one-year period available to them after their action was refiled they failed to obtain service. Even if the May 8, 2000 complaint is viewed as an original filing with respect to the loss of consortium claim, because it was within the four year period of limitations of R.C. 2305.09(D), the same defect exists, and likewise remains fatal.
 {¶ 27} Plaintiffs also cite and rely on R.C. 2305.15, which tolls the relevant statute of limitations when a defendant is out-of-state, conceals himself or absconds. The trial court found no grounds for its application here, and we agree. Even were grounds contemplated by R.C.2305.15 present, that section doesn't apply to an action refiled pursuant to R.C. 2305.19. Saunders v. Choi (1984), 12 Ohio St.3d 247.
 {¶ 28} Finally, Plaintiffs cite Thomas v. Freeman,79 Ohio St.3d 221, 1997-Ohio-395, wherein the court held that R.C. 2305.19
is available to a plaintiff who voluntarily dismisses pursuant to Civ.R. 41(B)(1), as Plaintiffs did. We agree that R.C. 2305.19 applies. Plaintiffs' problem is that they failed to obtain service within the time that Civ.R. 3(A) prescribes, a factor that Thomas v. Freeman didn't involve.
 {¶ 29} The fourth assignment of error is overruled.
 Conclusion {¶ 30} Defendant moved to dismiss pursuant to Civ.R. 12(B)(4) for "insufficiency of process." Typically, that claim refers to a defect in a summons that has been served. When no service is effected, as happened here, the resulting defect is a lack of jurisdiction over the person to be served. Dismissal on that basis may be sought pursuant to Civ.R. 12(B)(2) at any time.
 {¶ 31} It is undisputed that service of process was not obtained on Defendant within one year after Plaintiffs refiled their complaint on May 8, 2000. Therefore, per Civ.R. 3(A), their refiled action, which was on claims for personal injury and loss of consortium, did not "commence" on that date. When Defendant then filed his motion to dismiss on December 7, 2001, the respective statutory periods during which an action or actions on those claims could be brought, in relation to the date those claims accrued, May 13, 1996, had wholly expired. Therefore, the court reasoned that it lacked jurisdiction to adjudicate those claims on statute of limitations grounds.
 {¶ 32} Plaintiffs invoked R.C. 2305.15, which tolls the relevant limitations period while the party to be served is out of the state, or when he has absconded or conceals himself. The trial court found that none of those circumstances apply, and we agree.
 {¶ 33} The trial court resolved Defendant's Civ.R. 12(B)(4) insufficiency of process claim on Civ.R. 12(B)(2) lack of personal jurisdiction grounds. Plaintiffs were not prejudiced by that course of action. It is undisputed that no service was obtained. Plaintiffs had a full opportunity to litigate their R.C. 2305.15 defense, which the court rejected. Plaintiffs' reliance on Civ.R. 4(E) and Civ.R. 41(B)(1) was unavailing as those Rules have no bearing on the issue. Further, their claim that R.C. 2305.19 somehow exempts them from the one-year requirement of Civ.R. 3(A) lacks merit. R.C. 2305.19 is available only if all procedural requirements are satisfied. Thomas v. Freeman.
 {¶ 34} As a technical matter, Plaintiffs might have argued that the trial court erred when it relied on statute of limitations grounds to dismiss their action on a motion filed by Defendant pursuant to Civ.R. 12(B). A statute of limitations violation is an affirmative defense that must be set forth in a pleading responsive to the complaint. Civ.R. 8(C). It is not grounds for Civ.R. 12(B) relief. However, it is clear that the respective statutes of limitation were not satisfied because of the failure of service. Plaintiffs wisely decided to let the matter lie.
 {¶ 35} Having overruled the errors assigned, we will affirm the judgment from which this appeal was taken.
FAIN, P.J. and YOUNG, J., concur.