JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff appeals from the dismissal of his complaint, asserting that the court erred by granting the defendants' motion to dismiss. We find no error in the court's decision, so we affirm.
 {¶ 2} The complaint in this case was filed February 20, 2002. It alleges that on May 29, 1997, a prospective buyer agreed to purchase plaintiff's property for $113,000, subject to the contingency that he could obtain a loan commitment. Defendants, mortgage brokers for the prospective buyer, represented that they would "have no problem financing" $119,000 for the buyer's purchase of this property. However, they later asked plaintiffs to sign a written agreement indicating that the purchase price was $150,000, for the alleged purpose of defrauding government agencies by persuading them to provide excessive financing. When plaintiff refused to sign these documents, defendants refused to provide the financing.
 {¶ 3} Defendants moved to dismiss the case on the ground that it was time-barred. First, they argued that the action was governed by a four year statute of limitations which began to run in June or July 1997, and thus expired in June or July 2001, more than six months before this action was filed. Alternatively, they contended that this case was previously voluntarily dismissed without prejudice and was not refiled within one year, as required by the savings statute, R.C. 2305.19. The court granted defendants' motion, without opinion.
 {¶ 4} Plaintiff argues that he timely refiled this action under R.C. 2305.19 within one year after he voluntarily dismissed the previous action without prejudice. By its terms, the savings statute applies only if the statute of limitations was expired at the time of the dismissal. See R.C. 2305.19; Lohrenzen v. Brown (1998), 129 Ohio App.3d 770, 773
(1998). If the statute of limitations had not expired at the time of the dismissal, then any refiling had to occur within the original limitations period. McCann v. Lakewood (1994), 95 Ohio App.3d 226, 231.
 {¶ 5} Plaintiff does not challenge defendants' argument that the four year statute of limitations set forth in R.C. 2305.09 applies. According to the exhibits attached to the complaint, defendants denied the buyer's loan application on July 15, 1997 on the ground that the "lender couldn't provide loan terms acceptable to seller." Plaintiff's cause of action accrued at that time, at the latest. Therefore, the statute of limitations expired no later than July 15, 2001.
 {¶ 6} The complaint filed in this case on February 20, 2002 was not timely under R.C. 2305.09. Furthermore, the statute of limitations had not expired at the time the previous case was dismissed in February 2001, so the savings statute is inapplicable. Accordingly, the common pleas court properly dismissed the complaint.
Affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
MICHAEL J. CORRIGAN, J. and FRANK D. CELEBREZZE, JR., J. CONCUR.